## Philadelphia, Appellant, *v.* Philadelphia, Trustee.

*Municipal claims—Paving—Street railway company—Liability of abutting property owner—Duty to pave streets—Contracts with city—Act of April 15, 1907, P. L. 80.*

Where a street railway company is obliged by its charter to pave all streets upon which it lays its tracks, the abutting property owner is relieved of the duty of paying the cost of such paving, and where the city, under authority of the Act of April 15, 1907, P. L. 80, enters into a contract with the railway company by which it relieves the latter of the duty of paving such streets in consideration of the annual payment of a sum of money, the city assumes the paving obligation which the railway company was originally bound to discharge, and cannot thereafter successfully maintain a claim to the use of a contractor against the abutting property owner for the cost of such paving.

Argued January 16, 1914.   Appeals, Nos. 329 and 330, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1908, No. 132, and 133, M. L. D., discharging rule for judgment for want of sufficient affidavit of defense in case of City of Philadelphia to use of Mack Paving Company v. City of Philadelphia, Trustee of Estate of Stephen Girard.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Sci. fa. on lien for paving.  WILLSON, P. J., filed the following opinion:

The claims filed in these two cases by the city to the use of the Mack Paving Company are for the price of the paving on the north side of Porter street, between Seventeenth and Eighteenth streets, in front of the premises belonging to the defendant.

The claims are resisted upon the ground that, by virtue of the obligations assumed by the Union Passenger Railway Company in its charter obtained in 1864, and in the supplement thereto of the year 1873, that company was bound to pay the expense of paving the streets

on which its tracks were laid, and remained so liable until, in pursuance of a contract made between the city and the Philadelphia Rapid Transit Company in 1907, the two companies referred to were relieved of all duty to meet such expense, for a consideration of $500,000 to be paid annually to the City of Philadelphia.

By the original charter of the Union Passenger Railway Company, which was granted April 8, 1864, P. L. 297, it was expressly subjected to the obligation to pave streets occupied by its tracks. Porter street, however, at that time, was not included among the streets upon which the company was authorized to lay its tracks; but, by the supplement of February 19, 1873, P. L. 135, "in addition to the powers heretofore granted" that company, they were authorized "to extend and lay tracks ......on such other street or streets south of Christian street, west of Twentieth street, north of Columbia avenue and east of Third street as the Councils of the City of Philadelphia may from time to time permit or authorize to be used by said company, with single or double tracks." In the second section of this supplement this provision is also found : "said company to be subject to all the restrictions and to have all the privileges and immunities in reference to said new routes and tracks as provided in the charter of said company and the several supplements thereto." By an ordinance of March 30, 1895, councils of the city authorized the Union Passenger Railway Company, in accordance with its charter, to lay a single track on Porter street from Seventeenth to Eighteenth street. That street was probably not within the limits designated, as before stated, in the Act of 1873.

It seems to us, however, from what has been said, to follow as a necessary conclusion that the Union Passenger Railway Company, by virtue of the acts of assembly and of the ordinance of 1895 before mentioned, became subject to the obligation, when it laid its track as it did in Porter street, either to pave the said street, or to pay

the cost of paving it. It seems to us also that it is a proper conclusion to reach that, when the legislature imposed such a duty upon the passenger railway company, it thereby relieved the property owner from what would otherwise be its duty with reference to paying the cost of paving.

The state of affairs that has already been described continued until the year 1907. On April 15, 1907, the Act of Assembly (P. L. 80) was approved, which enacted "that it shall and may be lawful for any city......of the one part, and any street passenger railway......of the other part, to enter into contracts with each other, affecting, fixing and regulating the franchises, powers, duties and liabilities of such companies......Such contracts may in law provide for payments by the companies to the local authorities in lieu of the performance of certain duties, or the payment of licenses, fees, or charges imposed in favor of such city, borough or township by the charters of the respective companies, or by any general law or ordinance......" In pursuance of that act of assembly, councils of the city passed an ordinance, which was duly approved, providing for the making of a contract between the city and the Philadelphia Rapid Transit Company, and section 10 of that ordinance reads as follows: "The company shall, in addition to the other payments hereinbefore provided......pay into the city treasury each year the sum of $500,-000 in cash......which payments, when made, shall be in lieu and satisfaction of all obligations and liabilities on the part of the company and its subsidiary companies for the paving, repaving and repair of all the streets occupied by their surface lines......"

The contract thus authorized was executed, and the obligation originally assumed by the Union Passenger Railway Company was thereby extinguished.

In our opinion, it is a reasonable and proper construction to give to the contract thus made, that, for reasons satisfactory to the municipal authorities and for

the consideration of the large sum which it was stipulated the city should receive each year, it, the City of Philadelphia, assumed, in the place of the passenger railway companies, the duty of meeting such expenses connected with the paving of streets as the passenger railway companies were orginally bound to discharge. It thereby seems to us that, by implication, the city thus relieved the property owner from a burden which, otherwise, he or it would have been obliged to carry. We do not think that the mere fact that nothing was contained in the ordinance expressly exempting the property owner from such a burden constituted a shifting of the burden from the passenger railway company to the property owner. In other words, it seems to us that the city must be regarded as having fixed, as the amount which would represent the cost of paving the streets, the large lumping sum which, under the contract, it was to receive yearly, and the city cannot, with propriety, be allowed to collect this sum both from the railway company and from the property owner.

The position of the use-plaintiff in these cases is, of course, no better than that of the city, for it is, after all, the city which files the claims, or in whose right these claims are filed. The use plaintiff stands upon no higher ground than the city itself.

If it shall appear that, in the treatment of these cases, we have referred to matters which are not strictly upon the record, we have this to say, that all the matters referred to are set forth either in the affidavit of defense or in the briefs which have been submitted to us by the counsel, and about these matters there was no contention at the argument of the case.

It follows from what has been said, that, in our opinion, the rules for judgment, which have already been discharged, were properly so treated.

The court discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

Opinion of Court below—Opinion of the Court. [244 Pa.

The City of Philadelphia was granted leave to file a paper book as an appellant on the ground that if the defendant was not liable for the claims for paving in question the city would be compelled to pay.

*Error assigned* was in discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*Walter Biddle Saul,* with him *E. O. Michener,* for City of Philadelphia, to use of Mack Paving Company, appellant.

*Henry Bauer,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for the City of Philadelphia, appellant.

*I. Hazleton Mirkil,* with him *Francis E. Brewster,* for appellee.

PER CURIAM, February 16, 1914:

We concur in the findings stated in the opinion of the learned president judge of the Common Pleas that the contract of the city with the Philadelphia Rapid Transit Company relieved the defendant, the Girard Estate, for whom it is trustee, from the obligation to pay for the street paving in front of its property and that the right of the use-plaintiff is no higher than that of the city, in whose right the claims were filed. ·

The orders discharging the rules for judgment are affirmed.