## Philadelphia *v.* Kerchner, Appellant.

*Road law—Paving street—Turnpike road—Adoption of road by city.*

A private toll road is not a public street, and such road cannot be viewed as a public road subject to the right of the city to improve, repair and macadamize and collect the cost upon abutting property owners.

The first paving which exempts a property holder from liability for any subsequent improvement may be defined generally as one that is put down originally or adopted or acquiesced in subsequently by the municipal authorities for the purpose and with the intention of changing an ordinary road into a street. Mere recognition of it as a highway is not sufficient.

In an action by a city against a property owner to recover assessments for paving a portion of a turnpike road, where the defendant claims that the road had been originally paved by the turnpike company, and that the city had adopted the portion of the road in front of his premises as a city street, he cannot show, in the absence of formal action by the city, as evidence of adoption, that the road had sidewalks and curbs, that it was lighted, had police protection, had gas and water service with collection of ashes and garbage, and that its grade had been changed by the city to conform with the grade of intersecting streets.

*Municipal liens—Paving—Assessment bills.*

In an action by a city to recover the cost of an original paving of a street, the defendant cannot show as evidence of the adoption of the street as a paved street prior to the paving, that the city officials had relieved the contractor of the burden of collecting the assessment bills, and had paid to him directly the entire cost of the work.

Argued Nov. 26, 1915. Appeal, No. 15, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1911, No. 6724, M. L. D., on verdict for plaintiff in case of City of Philadelphia v. Jacob Kerschner. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur municipal lien for the cost of paving old York Road in front of defendant's property. Before DOUGHERTY, J.

At the trial the plaintiff claimed that the paving for which the lien was filed was a repaving following an original paving by the turnpike company which owned the road.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $35.20. Defendant appealed.

Assignment of Error—Opinion of the Court.    [62 Pa. Superior Ct.

*Error assigned* was in refusing binding instructions for defendant.

*W. B. Saul,* with him *E. O. Michener,* for appellant.— There was a municipal adoption of the road as a street: Leake v. Philadelphia, 171 Pa. 125.

The case was one for the jury.

*Henry Baur,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee, cited: Leake v. Philadelphia, 150 Pa. 643; Philadelphia v. Eddleman, 169 Pa. 452; Lincoln Avenue, 193 Pa. 432; Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Philadelphia v. Gowen, 202 Pa. 453.

OPINION BY TREXLER, J., April 17, 1916:

The City of Philadelphia filed a lien for the cost of paving Old York Road in front of defendant's property. The facts are substantially undisputed. Old York Road was for many years one of the main highways leading out of Philadelphia, and was a toll road and as such was originally paved by the turnpike company. In 1906 the city acquired it by condemnation proceedings. Tolls were collected up to January, 1906. Although there was no toll gate at the end of the road beyond the defendant's property, it was shown that the turnpike company exercised dominion over said portion of the road and collected toll for that portion from the people who passed through the other gate, and it is admitted that technically that section of the road formed part of the turnpike taken by the city in the condemnation proceedings. The city by ordinances in 1908 and 1909 authorized the paving with asphalt of the road between Germantown and Erie avenue. The defendant claims that he is not liable for the assessment in that the city recognized the highway as a paved street. No formal action of adoption is shown by the city, but it is claimed that the facts

as developed in the case, show that the city did adopt the road as a public street. Old York Road had sidewalks and curbs; ashes and garbage were collected along the street; the street was lighted; had police protection; had the same gas and water service as the other residents of the city; the same regulations as to tearing up the street to make connection with the service mains; transverse streets were cut and at the intersections the grade of Old York Road was changed so as to conform with the grade of the intersecting streets and appropriations for this purpose were made by the city. The court below held that there was no evidence of the adoption of said road as a public street.

Municipal adoption or acquiescence cannot be assumed. It must be proven. It is a question for the court when the facts are undisputed: Harrisburg v. Funk, 200 Pa. 348. The mere taking of the turnpike by the city under the statute is not a recognition of the existing pavement: Philadelphia v. Gowen, 202 Pa. 453; Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467. The city cannot assess the cost of paving a toll road upon property holders as such road does not come within the designation of a public street. A private toll road is not a public street, and such road cannot be viewed as a public road subject to the right of the city to improve, repair and macadamize and collect the cost upon abutting property owners: Wilson v. Allegheny City, 79 Pa. 272.

It is a question of fact in each case and the governing consideration is the nature of the municipal action in regard to it. The first paving which exempts a property holder from liability for any subsequent improvement may be defined generally as one that is put down originally or adopted or acquiesced in subsequently by the municipal authorities for the purpose and with the intention of changing an ordinary road into a street. It must be recognized by the city as a paved street. Mere recognition of it as a highway is not sufficient. "When a

city acquires the property of a plank road or of a turn-pike company the duty it assumes is to keep the highway in repair." "The city may adopt such road as a street sufficiently well paved for all the requirements of present or future use, as a city street. And if this course is adopted as to any road or portion thereof, no matter how or with what material it was paved, then it becomes a street as the result of such action. The entire absence of formal municipal action is strong presumptive evidence of lack of municipal intent to adopt the road as a street": Philadelphia v. Hafer, 38 Pa. Superior Ct. 382.

This court in the above case, upon an almost similar state of facts commented as follows: "The laying of water pipes in the street had no connection with the pavement, for water pipes may be laid in a street, whether paved or unpaved, and are often laid in streets but little used, in order to more directly reach local centers of population. The subsequent lighting of the street had no material bearing upon the question, for unpaved streets may be properly lighted, and in modern times the unpaved roads of country villages are frequently lighted. The fact that garbage and ashes have been collected along the highway for a number of years past has no more connection with the character of the street than has the fact that houses fronting upon the road are subject to the jurisdiction of the health department of the city. The fact that persons who opened the street to make connection with the water and gas mains of the city were required to take out a permit can have no weight in determining whether the street was paved or unpaved; the city may very properly make such a regulation with regard to its water and gas mains in any and all streets, whether paved or unpaved. None of these acts singly nor altogether following each other at varying periods, could be held to justify the inference that the municipality had adopted or acquiesced in the original surfacing of the road or any repair thereof as converting the road into a paved street."

The raising or depressing of the grade of Old York Road so as to make it conform to the grade of intersecting streets was not an adoption of the street, for the change of grade was but an incident to the opening of the transverse streets. Of necessity, in order that the actual grades might form a common level, at street intersections, the grade of one of the streets had to be adjusted to the level of the other. If we look at the ordinances providing for a change of grade of Old York Road, we find that they all refer to the change made necessary in order to conform the grade of York Road to the other streets.

When the facts offered by the defense which it is claimed show an acceptance of the street have been judicially declared as not amounting to an acceptance, there remains nothing for the jury. We find nothing in the case which would sustain a verdict in favor of the defendant.

The other matter that is raised is that the court erred in refusing to admit testimony showing that in the contract made with the asphalt paving company, payment was to be made to said company in assessment bills against assessable property, and that the city was to pay the cost in front of the nonassessable property, and that thereafter the city paid the entire cost. We think the court rightly excluded this evidence. The action of the city officials by which they relieved the contractor of the burden of collecting the assessments could, in no view of the case, be evidence of the adoption of the street as a paved street prior to the paving, which is the basis of the suit.

The assignments of error are overruled. Judgment affirmed.