## Pottsville, Appellant, v. Jones.

*Road law—Paving—Original paving—Conversion of road into street—Intention—Evidence—Province of court and jury—Municipalities.*

The first paving which exempts an abutting property owner from liability for any subsequent improvement is one that is put down originally, or adopted or acquiesced in subsequently, by the municipal authorities for the purpose and with the intent of changing an ordinary road into a street. This intention may be shown by an original ordinance directing the construction, or by acquiescence or adoption. The sufficiency of the evidence showing intention is always for the court, but where the evidence is suf-

ficient to warrant the finding of intention, it is for the jury, generally, to find it as a fact.

Such acts of the municipality which recognize the highway as a highway and provide for the safety, convenience, comfort and security of the citizens living along or using it, are not acts which recognize or show an intention of adopting a system of construction as being equivalent to a permanent improvement, such as would relieve an abutting property owner from liability for municipal improvements.

The municipality has the exclusive right to determine, in the public interest when, how, and with what material a conversion from an ordinary road into a street shall take place. While no particular material is necessary to constitute such pavement, it may be made of anything which will produce a hard, firm, smooth surface for traveling. Macadamizing may be regarded as a first paving, if it was the intention of the municipal authorities to so use it.

If the construction consists in tearing up the street and placing large stones on end, rolling them with a steamroller, placing on this a layer of trap rock and screenings, and watering and rolling this to make a firm, hard surface, it will constitute a first paving, if the municipal authorities so intend.

It is not conclusive against the intention that the cost of the first paving was not provided for from any specific appropriation, but paid out of the general revenue; nor is the fact that no formal ordinance directed the work to be done, material.

Evidence relative to the macadamizing of other streets in the borough, offered for the purpose of showing a system of improved street construction, is admissible; and it is also proper to show that an ordinance provided for permits for opening macadamized street as distinguished from other streets.

A defendant resisting an assessment for wood paving is not estopped because he had requested the borough council, when they were about to make the new improvement, that wood block should be used.

Argued Dec. 9, 1915. Appeal, No. 347, Oct. T., 1915, by plaintiff, from judgment of C. P. Schuylkill Co., May T., 1915, No. 392, on verdict for defendant in case of City of Pottsville v. Howard M. Jones. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur municipal lien. Before BRUMM, J.

At the trial it appeared that the plaintiff claimed to recover from the defendant the sum of $202.24 for paving a street with wooden block pavement.

The defendant claimed that the wood paving was not an original paving.

Defendant's witness, George Eiler, being on the stand, the following offer and ruling occurred:

Mr. Smith: We propose to prove by the witness that he is well acquainted with the streets of Pottsville; that he is well acquainted with Market street between Fourth and Twelfth street. We propose to show that Market street has been macadamized by direction of the town council of the Borough of Pottsville, and by its employees and its machinery; and to show the condition of Market street as being a macadamized street, having a hard, smooth firm surface, prior to the placing of the wood block for which claim is made in this case.

Mr. Roads: Objected to, for the reason that the witness is not competent to prove the action of the borough council of Pottsville. Secondly, there is no time fixed in the offer as to when the macadamizing took place.

The Court: He does say in the offer before they started to pave.

Mr. Roads: We are entitled to know when they say it was macadamized, more definitely than to run back from 1914 to 1811 when the borough was incorporated.

Mr. Smith: All they are entitled to is to be shown that the street was macadamized. I use the term "macadamized" for a short expression for what the law says is legally speaking paving. The question is, has it at any time ever been a paved street. If that be shown, then there never can be charged against the owner of the abutting property for another kind of pavement.

The Court: We will permit you to show what was done; and whether it was macadamized, or paved, or not, will be a question for the jury, or under the instructions properly of the court. But that must be by action,

not by the opinion of the witnesses, of course. What was done may be shown.

Mr. Roads: Your honor overrules the other part of the offer?

The Court: That is, as to what the council did? No, we sustain that part, he is not competent to show what council did, because there is better evidence. The record of the council would be the best evidence of that.

Mr. Roads: We ask your honor to rule on the second point of this objection. We object to the offer on the ground that the offer does not propose to show when this macadamization of the road alleged in the offer took place as claimed by the defendant. We are entitled to that. We want to say to the court we have no quarrel at all with the gentleman with any time at all, once macadamized or paved to use the proper expression, once paved, if that street has been once paved, it will be an original pavement. The point we say is that they must put in their offer the time so that we will know at what particular time they allege the Borough of Pottsville macadamized this street.

The Court: Mr. Smith, is there any objection to putting in your offer a time more specific than simply before this pavement was laid?

Mr. Smith: Yes, because there is no point in putting the time in, if we can show it was any time prior to the laying of the wood block.

Mr. Roads: We have no contention against when it was, but that they should name some time when they allege it was done.

Mr. Smith: If it is competent to show at any time, what point is there to show it was at a particular time?

Mr. Roads: So that we may know.

The Court: At this time we overrule the objection to the point raised as to the offer not including a specific time, the offer having stated that it was before this paving was laid, which is the subject of controversy.

Plaintiff excepts. Bill sealed. (5)

Defendant's witness, G. A. Berner, being on the stand, the following offer and ruling occurred:

Mr. Smith: We propose to prove a minute in regard to the macadamizing of Market street; to be followed by other minutes referring to the macadamizing of Market street; to be followed by other minutes of the macadamizing of other streets of the Borough of Pottsville; also an ordinance authorizing or providing for the securing and paying for permits for opening macadamized streets in the Borough of Pottsville.

Mr. Roads: Objected to, for the reason that it does not propose to prove that the macadamizing referred to in chief ever was done with the intent of constructing an original pavement on Market street.

The Court: We overrule the objection to the offer, and say that the question of intent is a matter that should be submitted to the jury. They would have a right to show the official action of the borough or the city with reference to Market street.

Plaintiff excepts. Bill sealed. (6)

Plaintiff presents these points:

1. There is no sufficient evidence in the case to establish an intention at any time prior to 1914 on the part of the City of Pottsville to pave within the meaning of the law, Market street from Fourth to Twelfth street so as to preclude the city from charging the defendant with his proportionate share of the wood block pavement, and therefore the verdict of the jury must be for the plaintiff.

Answer. We decline to affirm this, but leave that whole question to the jury as stated in our general charge. (1)

2. The statements in the minute book of council concerning the report of the highway committee from time to time that Market and other streets of the Borough of Pottsville had been macadamized do not establish an intention on the part of the borough council to pave Market street between Fourth and Twelfth street within

180, (1916).]　Assignment of Errors—Arguments.

the meaning of the law so as to exempt the defendant from liability to the lien in suit.

Answer. We affirm this but say that the fact should be considered by the jury in connection with the other evidence. (2)　　　　　　　　　　　　o

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were (1, 2) above instructions quoting them; (5, 6) rulings on evidence quoting the bill of exceptions and (3) refusal of binding instructions for plaintiff.

*E. P. Leuschner,* City Solicitor, and *Geo. M. Roads,* with them *M. M. Burke,* for appellant.—The law on the subject is clear that municipal intent must be shown, and that the burden of proving such intent is on the defendant: Philadelphia v. Eddleman, 169 P. S. R. 452 (458) ; Philadelphia v. Deibler, 147 Pa. 261; Philadelphia v. Baker, 140 Pa. 11; Philadelphia v. Gowen, 202 Pa. 453; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Dick v. Philadelphia, 197 Pa. 467; Ebling v. Schuylkill Haven Boro., 244 Pa. 505.

*Edmund D. Smith,* with him *W. L. Kramer, W. M. Fausset* and *Arthur L. Shay,* for appellee.—It is only the cost of the original paving that can be charged against the owners of abutting properties: Chester City v. Evans, 32 Pa. Superior Ct. 641; Williamsport v. Beck, 128 Pa. 147; Morewood Ave., 159 Pa. 20; Philadelphia v. Eddleman, 169 Pa. 452; Harrisburg v. Segelbaum, 151 Pa. 172; Huidekoper v. Meadville, 83 Pa. 156; Boyer v. Reading City, 151 Pa. 185.

Adoption of the existing pavement need not be shown by formal ordinance, but municipal recognition of the pavement of the street, as such, may be by action in the first instance, or by acquiescence and adoption subsequently: Harrisburg v. Segelbaum, 151 Pa. 172; Phila-

delphia v. Ehret, 153 Pa. 1; Philadelphia v. Gowen, 202 Pa. 453.

OPINION BY KEPHART, J., April 17, 1916:

The first páving which exempts an abutting property owner from liability for any subsequent improvement, is one that is put down originally or adopted or acquiesced in subsequently by the municipal authority for the purpose, and with the intent of changing an ordinary road into a street: Philadelphia v. Eddleman, 169 Pa. 452. Two elements are necessary to evidence this fact: the character of the construction and the intention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention. This intention may be shown by an original ordinance directing the construction or by acquiescence or adoption. It can never be assumed. It must be proven. The sufficiency of the evidence showing intention is always for the court, but where the evidence is sufficient to warrant a finding of intention, it is for the jury, generally, to find it as a fact: Harrisburg v. Funk, 200 Pa. 348. Adoption or acquiescence, as showing municipal intention must be limited and confined to acts which deal with the highway as an improved street, and consists of such acts which recognize the construction employed and the results obtained as being sufficient to stamp upon the particular highway the fact of a permanently improved street as such term is generally known, and those rules and ordinances of the municipality which provide better protection for such street than an ordinary dirt road, by those who use and occupy it, as water companies, gas companies, etc., and the conduct of the municipality itself, through its proper offices, or the minutes or ordinances of the council, in recognizing this construction as being of a permanent nature, treating it in the same manner as an unquestionable paved thoroughfare of the municipality, these are acts which tend to show municipal in-

tention. The most difficult feature of all these cases is the evidence necessary to establish this intention and each case must to a large extent rest on its own facts. Such acts of the municipality which recognize the highway as a highway and provide for the safety, convenience, comfort and security of the citizens living along or using it, are not acts which recognize or show an intention of adopting a system of construction as being equivalent to a permanent improvement such as would relieve an abutting property owner from liability for municipal improvements: Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382. All of these acts are such as could, by municipal authority, be done on and along an ordinary dirt road. It would not be contended that they would be sufficient to change such highway into an original improvement to relieve liability. The municipality has exclusive right to determine, in the public interest, when, how and with what material a conversion from an ordinary road into a street shall take place. While no particular material is necessary to constitute such pavement, it may be made of anything which will produce a hard, firm, smooth surface for travel. There is no question but that macadamizing may be regarded as a first paving if it was the intention of the municipal authorities to so use it: Philadelphia v. Eddleman, supra; Philadelphia v. Hafer, supra; Harrisburg v. Funk, supra; Dick v. Philadelphia, supra. But macadamizing of the present day covers a variety of road construction. Some of it could scarcely be considered as being sufficient to convert an ordinary highway into an improved street, unless we regard any work being done on a highway, apart from scraping the dirt from the ditches to the center of the road, as effecting that result. It is therefore important, when dealing with the question, that the character of the work be shown. The construction in this case consisted of tearing up the streets and a large part of it was made by placing large stones on end, rolling them with a steam

roller, placing on this a layer of trap rock and screenings, which was watered and rolled to make a firm, hard surface. This is what is sometimes called water bound macadam, and when properly done is quite expensive. It would be such construction, if the municipal authorities had so intended, as would amount to a first paving. As evidence of intention, a number of minutes of council were introduced, wherein the reports had been made by the borough officers. They showed the progress made in the macadamizing of the various streets, and council treated it as a special kind of construction. It was further shown that three squares of Market street, from Center to Fourth streets, had been macadamized in the same manner and under the same circumstances as the street in front of appellee's property, and were later paved, at the city's expense, with vitrified brick upon a concrete foundation. This is some evidence of intention. By ordinance the city exacted a charge for permits for openings in macadamized streets and there distinguished that street from the ordinary street. All this evidence was sufficient to submit to the jury from which they might find an intention to adopt or regard the construction as a first paving. The jury found that the municipality did so intend. It is not conclusive against such intention that the cost of the first paving was not provided for from any specific appropriation, but paid out of the general revenue, nor is the fact that no formal ordinance directed the work to be done. We do not think the court committed any substantial error in the answers to the several points submitted. The question for the jury's consideration was the intention of the municipality and while any one of the several items of evidence would not, of itself, amount to an intention, all of them, with other evidence, were sufficient to submit to the jury from which intention might be found. The court was clearly right in so answering the several points submitted.

A too rigid construction is placed upon the defendant's fifth point. The word "acquiesce" was used in con-

nection with adoption and ratification, and as thus put the point was correctly affirmed. The exceptions to the offers of evidence cannot be sustained. The time within which this particular macadamizing was done was sufficiently shown by the minutes of council. The evidence relative to the macadamizing of other streets in the borough, which had been offered for the purpose of showing a system of improved street construction, was clearly admissible and the objection to the ordinance providing for a charge for permits for opening macadamized streets, as distinguished from other streets, was properly overruled, the ordinance was some evidence of intention. Nor was the plaintiff estopped from defending this litigation because he had requested the council, when they were about to make the new improvement, that wood block instead of vitrified brick be used. It did not bind him to anything and was merely a request. It did not initiate any action or aid in the initiation of any action. The case was carefully tried, the charge of the court was full and comprehensive, covering all of the various legal matters presented, and the judgment should not be disturbed.

The assignments of error are overruled and the judgment is affirmed.