# York City v. Holtzapple, Appellant.

*Road law—Municipal improvements—Paving—Original paving.*

Evidence that a municipality spread limestone ballast evenly over a roadway, converted into a hard surface by the passing traffic, and kept in repair by placing loose stones in the holes or ruts, is not such evidence of an intention by the municipality that the work should be an original paving, as will relieve an abutting owner from liability for future improvements.

Describing the work as macadam by witnesses or in reports, furnishes no information as to the manner of construction, and the materials entering into its construction. A witness cannot testify that certain methods of construction were employed to change an ordinary dirt street to a permanently improved highway. This

calls for a conclusion. The "change" called for is expressive of the municipal intention, and such intention must be established by evidence apart from the work done.

Work done on a roadway in 1874, will not be construed to have been adopted as a permanent improvement by an ordinance passed in 1906, where there is nothing in the ordinance which indicates such intention. Such an ordinance is too remote from the time when the work was done to be any evidence of intention as applied to a particular street.

The report of a borough engineer is not evidence of an intention to consider a macadamized pavement as a permanent improvement where it appears that the report was not approved by council, and that there was nothing in the report, even if it had been approved, to show that council knew what kind of construction was embodied under the term "macadam," and it also appears that the report was not made until twenty-three years after the work claimed as a permanent improvement had been done.

On the trial of a scire facias sur municipal lien for paving, where the city offers the lien as prima facie evidence, and the lien recites the acts and ordinances under which the work was done, the city is not required to offer the ordinances in evidence, if the affidavit of defense does not deny that such ordinances imposed the cost on the abutting owner, or otherwise challenge the authority of the city to make the improvement under the ordinance.

Argued March 13, 1917. Appeal, No. 27, March T., 1917, by defendant, from judgment of C. P. York Co., Aug. T., 1915, No. 42, on verdict for plaintiff in case of York City v. George E. Holtzapple. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur municipal lien. Before ROSS, J.

At the trial the defendant claimed that certain work done in 1874 on Princess street, on which his property abutted, was an original paving, and that a paving done in pursuance of an ordinance of 1914, was a renewal pavement for the cost of which he was not liable. The facts are stated in the opinion of the Superior Court.

When William Heltzel, a former street commissioner of the city, was on the stand, the following offer was made:

Mr. Glessner: We propose to show that the methods used by the city during his term of office—that he is acquainted with the methods used by the city during his term of office in changing an ordinary dirt street to a permanent or solid street, from the fact that during his term of office they did make such changes.

Objected to.

This to be followed by evidence from witnesses showing the method by which they changed an ordinary dirt road into a macadam or piked street.

Objected to as not competent, proper, legal evidence. The question is the manner of repairing this particular street, and the offer is to elicit from the witness a conclusion and not a statement of fact. It makes no difference with regard to the issue on the part of the defendant in this examination what the city may have done in regard to other streets, and surely it is incompetent to bring that out as the basis of an argument regarding a legal conclusion. That is the issue in this case; as to whether or not, prior to the time this suit was brought, the city practically paved the street in front of this defendant's house.

By the Court: We sustain the objection and seal an exception for the defendant. (3).

Mr. Glessner: I want to offer in evidence ordinance of April 6, 1906, regulating the digging, etc., and macadamized highways regulated, which appears in Ordinance Docket E, page 118, and more particularly in the city digest published by the City of York, and under their authority, in 1907, page 569; for the purpose of showing the regulations of the City of York of macadamized highways and the recognition of them, and distinguishing between those that have not been macadamized; for the purpose of showing intent.

Objected to as irrelevant and immaterial, and it has no bearing whatever upon the issue in this case, to wit: As to whether or not, prior to the paving for which this lien is filed, the municipality converted the road in front of

the defendant's property to a permanent paved street in such a way as would absolve the defendant from the payment of his share of the cost of paving in accordance with this claim.

By the Court: Under the objection we will overrule the offer for the present and seal an exception for the defendant. (5)

Mr. Glessner: In connection with the testimony of the witness we now offer in evidence the report of the city engineer, James G. Durban, made to the mayor and city councils of York on February 28, 1898, and especially that part of the report as shown on page 76 of this exhibit, being table 3; for the purpose of showing the streets paved with macadam in the City of York in 1897, for the purpose of showing that the City of York recognized streets laid with macadam as paved streets, and as tending to show the intent of the city in treating macadamized as improved streets; in connection with the other testimony of witnesses in this case.

Witness: In connection with my testimony I want to state that this copy of the mayor's annual message and reports of departments from 1897 to 1898 was retained by me by and with the consent of the then mayor, because there were duplicate copies still in the possession of the city. I do not want it to appear that incidentally, as I was compiling the city digest, that I abstracted the city records.

Mr. Niles: Objected to as not proper, legal evidence for the purpose offered, or for any purpose in this issue, being irrelevant, immaterial and misleading and incompetent. That report of the city engineer, if it was made as claimed by this offer, is in evidence to bind the City of York in regard to any assertion or designation therein contained. That the question at issue here is not what then the city engineer, or any other official of the city, called a certain thing macadam, or paving, or anything else, but the issue is: what was the character of the construction in front of the defendant's property, and

whether or not the proof shows that that construction, prior to the paving for which this lien is filed, was such permanent construction, with intent thereto by the city, which, under the law, absolves the defendant from obligation to pay his share of the cost according to this lien. This evidence is without legal bearing or effect or relevancy upon the issue in this case. Further, there is no evidence whatever that the city authorities adopted, authorized or approved either the report or the publication of it.

. Defendant's Exhibit "B" handed to the court.

· Argument by counsel. .

. By the Court: We overrule the offer and seal an exception for the defendant.

Further argument by counsel.

.By the Court: For the present the offer is overruled and an exception sealed for the defendant. (6)

Verdict and judgment for plaintiff for $242.95. Defendant appealed.

: *Errors assigned,* among others, were (1) in refusing to strike off lien; (3, 5, 6) rulings on evidence quoting the bills of exceptions, (21) refusal of binding instructions for defendant.

*James Graham Glessner* and *R. E. Cochran,* of *Cochran, Williams & Kain,* for appellant.—The law is well settled that the first paving which exempts an abutting property owner from liability for any subsequent improvement is one that is put down originally or adopted or acquiesced in subsequently by the municipal authority for the purpose and with the intent of changing an ordinary road into a street, and that it makes no difference what the kind or character of that paving may be —whether it be macadam, telford, or any other material: Philadelphia v. Eddleman, 169 Pa. 452; Pottsville v. Jones, 63 Pa. Superior Ct. 180; Philadelphia v. Edmonds, 59 Pa. Superior Ct. 318; Harrisburg v. Segelbaum, 151 Pa. 172.

*Henry C. Niles,* with him *John L. Rouse,* City Solicitor, for appellee, cited: Alcorn v. Philadelphia, 112 Pa. 494; Harrisburg v. Funk, 200 Pa. 348; Chester City v. Evans, 32 Pa. Superior Ct. 641.

OPINION BY KEPHART, J., July 13, 1917:

We have frequently stated the rule that will relieve abutting property owners from liability for subsequent street improvements. It is unnecessary to repeat it. Philadelphia v. Kerchner, 62 Pa. Superior Ct. 562; Pottsville v. Jones, 63 Pa. Superior Ct. 180; Easton City v. Hughes, not yet reported. The work claimed as an original paving was done in 1874, under the authority of council. It consisted of spreading limestone ballast evenly over the roadway, converted into a hard surface by the passing traffic, and kept in repair by placing loose stones in the holes or ruts. Without other evidences of intention, this would not be such paving as would exempt the abutting owner from liability for future improvements: Harrisburg v. Funk, 200 Pa. 348. Evidence of the same character of work done on other streets would not supply such intention. Indeed it could scarcely be considered as being more than repairs done to an ordinary dirt road, where the traffic is heavy. "While due effect must be given to the character of the work done in determining municipal intention, when that work is macadamizing, without other ample evidence, it will not be sufficient to show municipal intention. There must be additional evidence of this fact": Easton City v. Hughes, supra.

Describing the work as macadam by witnesses or in reports, furnishes no information as to the manner of construction and the materials entering into its construction. A witness cannot testify that certain methods of construction were employed to change an ordinary dirt street to a permanently improved highway. This calls for a conclusion. The "change" called for is expressive of the municipal intention and such inten-

tion must be established by evidence apart from the work done. The testimony of Heltzel and others was therefore properly rejected.

We said in Pottsville v. Jones, supra, that rules and ordinances of council might properly be considered. If the ordinance of 1906 intended to and did embrace the construction done in 1874, it might have been proper evidence, but there was no evidence of this fact. There is nothing in the ordinance which indicates such intention. The court was correct in holding that the ordinance was too remote from the time when the work was done to be evidence of intention as applied to this particular street. If we regard the experimental work done in 1903 as being macadam, this ordinance alone would not be sufficient evidence to establish municipal intention. Especially is this true when the work of 1903 was done by the highway committee under an ordinance approved in 1889, which provides: "Said committee......shall have general charge of, care and oversight of the ordinary repairs of all streets, alleys, highways, water courses ......pavings, gutters......of the city, and shall enter into contracts for labor and material necessary for the same." It was clearly the intention of this ordinance that if this committee wanted to make any permanent improvement it must go back to council for authority. To have ratified this work as a permanent improvement in the face of this ordinance required some act on the part of council clearly expressive of an intention to adopt it as such.

The report of the borough engineer was not approved by council. It would not have been evidence of municipal intention if it had been, as there is nothing to show that council knew what sort of construction was embodied under the term "macadam." This report was made in 1893—twenty-three years after the work here claimed as a permanent improvement was done. The ordinance of 1900 was a mere police regulation affecting all highways without regard to the character of streets.

Considering the report of the engineer, the ordinance of 1906, and the testimony as to the manner in which other highways had been constructed, these offers, with the other evidence, would fall far short of showing an intention to adopt the construction of 1874 as a permanent improvement. It was the duty of the court to determine the sufficiency of the evidence as showing municipal intention (Pottsville v. Jones, supra), and in so doing we can find no error in its determination of that question.

The city offered the lien as prima facie evidence under the act. None of its terms were denied. The fourth paragraph recited the acts and ordinances under which the work was done, and the lien filed. These ordinances provided for the payment of the cost of the improvement. It is urged that the city should have offered the ordinances in evidence. The affidavit of defense did not deny that such ordinances imposed the cost on the abutting owners. The Act of 1901 does not require the lien to set out at length the acts and ordinances under which the work was done. If the lien refers to such authority by recital of title, and that is sufficiently descriptive to enable the defendant to know what laws and ordinances are claimed as authority, it will be a compliance with Section 11 of the Act of 1901. If the authority does not exist, it must be set up in the affidavit of defense or questioned in other appropriate remedies. No challenge is made as to such authority by the affidavit, and under the twentieth section of the Act of 1901, the lien is conclusive evidence of the allegations therein contained.

We have discussed, in City of York v. Eyster, 68 Pa. Superior Ct. 104, other questions raised in this appeal. We need not repeat what was there said.

The assignments of error are overruled and the judgment is affirmed.