City of Philadelphia et al. *v.* Shallcross, Appellant.

Argued October 23, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*A. M. Whitaker,* and with him *Edward A. Kelly,* for appellant.—The paving in the track area was repair, not original paving: Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Philadelphia v. Edmonds, 59 Pa. Superior Ct. 318; Philadelphia v. Eddleman, 169 Pa. 452; Harrisburg v. Funk, 200 Pa. 348; Harrisburg v. Segelbaum, 151 Pa. 172. The original paving was adopted by the city: Chester v. Evans, 32 Pa. Superior Ct. 641; Pottsville v. Jones, 63 Pa. Superior Ct. 180.

*Hubert J. Horan, Jr.,* and with him *T. F. Deady,* for appellee.—The affidavit of defense was insufficient to establish a prior original pavement adopted by the city: Philadelphia v. Scholl, 68 Pa. Superior Ct. 404; Philadelphia v. Burk, 288 Pa. 383.

OPINION BY LINN, J., March 1, 1929:

Defendant appeals from judgment for want of a sufficient affidavit of defense to a sci-fa to a municipal claim for street paving in front of his property on Torresdale Avenue between Foust and VanKirk Streets. The assessment is $203.59; defendant admits $121.79, but contests the balance. As we were informed at bar that a number of similar assessments are questioned, we shall refer briefly to controlling principles, instead of dismissing the appeal by brief reference to recent decisions discussing the subject, as might otherwise have been done.

The affidavit of defense, without exhibits, occupies 16 pages of the printed record. It claims exemption from the cost of 17 feet of paving over a double line of street car tracks which, it is contended, was a renewal of an earlier paving of that area which the city had adopted as a first paving with the intention of exempting abutting property from assessment.

Section 20, Act of 1901, P. L. 364, amended 1915, P. L. 605, provides that " . . . . . . municipal claims are prima facie evidence of the facts averred therein in all cases; and the averments . . . . . . shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense."

It appears that Torresdale Avenue is occupied by two street car tracks put down pursuant to a city ordinance of 1891. There was no contract with the street railway company requiring paving, though the franchise ordinance imposed on the company the duty "of keeping the streets used in repair. . . . . . ." and required "that the work of laying the tracks shall be done under the supervision of the department of public works . . . . . . ." The affidavit asserts that in laying its tracks the company "paved that portion of Torresdale Avenue known as the track area, with loose stone, which paving was not accepted nor approved by the said City of Philadelphia through its duly authorized officers, and the said City of Philadelphia, through its duly authorized officer, the director of public works, with the intent and purpose of changing the said Torresdale Avenue from a suburban road to a paved city street, ordered, directed and compelled the said [street railway company] to pave that portion of Torresdale Avenue aforesaid included within the aforesaid track-area with Belgian blocks . . . . . . and in pursuance of the order and direction of the said director of public works, issued with the intent and purpose of changing the said Torresdale Avenue from a suburban road to

a paved city street, the [street railway company] did, in the year 1903, pave the track-area of Torresdale Avenue, to wit, a width of approximately 17 feet with granite blocks ......'' as other city streets were paved, and the said ''paving was then and there approved and accepted by the City of Philadelphia, through its duly authorized officer, the director of public works, with the intent and purpose of changing said Torresdale Avenue from a suburban road to a paved city street.'' It is also averred that in 1903 Torresdale Avenue was changed ''from a suburban road to a paved city street;'' that at the same time the city with ''the intent and purpose ........ to change said Torresdale Avenue from a suburban road to a paved city street ...... paved the shoulders of said Torresdale Avenue from the limits of the track-area aforesaid to the curbstones of Torresdale Avenue with a macadam paving ......''

We have, then, a paving, of the character described, extending from curb to curb, part constructed by the street railway company and part by the city, and a date, 1903, at which the city is said to have exhausted its right to assess for the cost.

But notwithstanding the averment that this city paving between the car-tracks and the curb was with the intention of making that portion a paved city street, the affidavit, as has been stated, specifically concedes that defendant is liable to pay for and has no defense against so much of the assessment as represents the cost of the present paving between the track and the curb. That concession (and it is based on a proper interpretation of the decisions), of course, immediately suggests the inquiry what more substantial defense against liability for the present paving in the car-track area is averred. The only difference we can find in the averments concerning the area paved by the street railway, and that paved by the city, is that

when the paving was done for which the lien is filed, the Belgian blocks originally put down by the street railway company, were redressed and relaid as part of the paving charged for in the assessment; in our judgment that fact makes no difference in the result because presumably (and there is no averment to the contrary) the cost of the paving, and the assessment against defendant, was less than it would have been if new blocks had been used; and it is not evidence of the required intention.

Defendant avers that before the paving in suit the city maintained and repaired the avenue as then surfaced at its established grade; that sewers, water pipes and gas pipes were laid; that lamp posts and electric lights were erected and maintained by the city; that ashes, garbage and waste material have been collected from abutting properties; that permits to open the avenue have been granted on payment of the same fees required for opening regularly paved streets; that police and fire protection have been accorded; that taxes at full city rates have been assessed; that owners have been required to pave sidewalks and lay curbs at the established grade. It is also averred that other sections of Torresdale Avenue not within the square on which defendant's property abuts, and formerly in the condition that this square was, have been paved by the city at its expense. The facts stated as generally outlined above, defendant asserts, support the legal conclusion that the surfacing by the city, and (within the track-area) by the street railway company, in 1903, was adopted by the city for the purpose and with the intention of then changing the avenue from an ordinary road into a paved city street.

The legal question has arisen in various ways: (1) on the sufficiency of the affidavit of defense to the sci-fa (Phila. v. Muller, 293 Pa. 360); (2) on review after trial (Harrisburg v. Segelbaum, 151 Pa. 172; Potts-

ville v. Jones, 63 Pa. Superior Ct. 180); (3) on bill to restrain the city from entering into a contract for paving (Leake v. Phila., 150 Pa. 643) or from issuing writs of sci-fa (Dick v. Phila., 197 Pa. 467); (4) on a case stated (Phila. v. Burk, 288 Pa. 383); but however raised, the legal inquiry always comes down to the ascertainment of municipal intention; did the city intend to convert what it theretofore regarded as an ordinary road into what it would thereafter regard as a paved city street by (a) adopting an existing pavement, or (b) constructing a pavement of its own. "If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purposes are present, or to be fairly inferred, then there is a paving, whatever the material may be. It may perhaps be safely stated as a corollary that prima facie macadamizing is not a street paving in Philadelphia, or probably in other large cities, while on the other hand there may be a presumption the other way in smaller cities or towns, as indicated in Greensburg v. Laird [138 Pa. 533], Harrisburg v. Segelbaum [151 Pa. 172] and Boyer v. Reading [151 Pa. 185];" Dick v. Phila. 197 Pa. 467, 473.

The affidavit of defense does not recite any city ordinance, or other legislative act, authorizing the director of public works, or any other representative of the city, to adopt as an original paving by the city such paving as the street railway company laid within the track-area. "These officers, unless specifically authorized, could not usurp the functions of the city council and express the will of the city as to whether the construction should be adopted as a first pavement. They could not thus conclude the city from assessing the just proportion of cost of paving against the property fronting on the street: York v. Holtzapple, 67 Pa. Superior Ct. 596, 602. The matter of paving streets in

Philadelphia is exclusively for city council: Dick v. Phila., 197 Pa. 467;'' Phila. v. Muller, 293 Pa. 360, 363.

Concerning the averments of maintenance and repair and the use of the streets for the many purposes referred to above as stated in the affidavit of defense, we need only say that they are not sufficient to take the case to the jury under decisions in which similar averments were considered: see Phila. v. Burk, supra; Phila. v. Hafer, 38 Pa. Superior Ct. 382; Phila. v. Wells, 94 Pa. Superior Ct. 512; (10 Adv. Unoff. 231); and the authorities cited in Phila. v. Muller, supra.

The judgment is affirmed.