Borough of Manheim, Appellant, *v.* Edward Ober.

Argued March 15, 1929. Before
TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*W. Hensel Brown,* and with him *Zimmerman, Myers & Kready,* for appellant.—The former paving was not an original paving: City of Chester v. Larkin, 72 Pa. Superior Ct. 204; Harrisburg v. Funk, Appellant, 200 Pa. 348; Philadelphia to use v. Burk, Appellant, 288 Pa. 383.

*H. C. Arnold,* and with him *Owen P. Bricker* and *John A. Coyle,* for appellee.—When an ordinary road is changed by municipal action into a street, the cost of repaving is not assessible on abutting property: Harrisburg v. Segelbaum, 151 Pa. 172; Easton v. Hughes,

66 Pa. Superior Ct. 589. No particular material is necessary to constitute paving: Philadelphia v. Eddleman, 169 Pa. 452, 454.

OPINION BY GAWTHROP, J., April 10, 1929:

This is an appeal from a judgment n. o. v. entered in favor of the defendant in a sci. fa. sur municipal lien for the cost of street paving laid in front of defendant's property in 1924, assessed by the foot front rule. Defendant resisted the claim on the ground, inter alia, that plaintiff had, by authority of an ordinance regularly passed in 1872, "made a first and original paving and conversion of the dirt road in front of and along the premises of the said defendant into a borough street between the years 1872 and 1874, making it a macadamized street; ...... that this ...... macadamizing was adopted and acquiesced in at the time and ever since, by the said borough, with intent of changing an ordinary road into a street."

Counsel for the respective parties agreed upon and submitted to the court below, at the trial, a statement of facts, of which we now state those we deem material in disposing of the question before us.

On February 8, 1872, the town council of the Borough of Manheim passed a resolution to the effect that the improvement of the borough streets (which were then dirt roads) had become a necessity and directed the burgess and town council to procure the necessary legislation to authorize the borrowing of $25,000 for the improvement of the streets of the borough. Pursuant to this resolution the Act of March 28, 1872, P. L. 597, was passed, authorizing the borrowing of $25,000 to be applied to the "making, grading and repairing of streets, alleys and lanes within the limits of said borough." The town council then adopted a resolution for the employment of a surveyor for the taking of the level of certain streets which were in need of repair, among which was Prussian Street,

now Main Street, on which defendant's property abuts. After due advertisement for bids for "turnpiking and guttering" said streets the contract was let and in 1873 and 1874 the work was done and paid for out of the funds thus raised. The work consisted of excavating and grading, placing large stone on edge in said street, placing a layer of broken stone over these and upon the top a layer of gravel, the depth of the macadam on Main Street being sixteen inches; and the street was finished in the best known method of laying streets at that time. On May 31, 1921, an ordinance was passed by the town council authorizing the borough authorities to enter into a contract for the laying of a concrete pavement on Main Street, in front of defendant's property as aforesaid. The concrete pavement was laid in 1924 and paid for by the borough, which then assessed the costs thereof against the abutting property owners upon a front foot basis. The regularity of the procedure in respect to the filing of the lien and the issuance of the sci. fa. and the making of the issue is not questioned.

After refusing defendant's point for binding instructions and directing a verdict for plaintiff, the motion of defendant for judgment n. o. v. was allowed and judgment was entered accordingly. This appeal followed.

The single question for our determination is whether or not the paving of Prussian Street, now Main Street, in 1873 or 1874 was such an original paving as to prevent the borough from repaving and assessing the cost thereof against abutting property owners.

It is well settled that a first paving which exempts abutting property owners from any liability for subsequent improvement is one that is put down originally as a permanent improvement, or one that has been adopted as such subsequently by the municipal authority, for the purpose and with the intent of

changing an ordinary road into a street. Two elements are necessary to evidence this fact, the character of the construction and the intention of the municipality to convert a common road into a permanent improved street. The controlling consideration, however, is affirmative municipal action: Phila. v. Muller, 293 Pa. 362; Easton v. Hughes, 66 Pa. Superior Ct. 589. No particular material is necessary to constitute a pavement; it may be made of macadam or anything which will produce a hard, firm, smooth surface for travel: Chester v. Larkin, 72 Pa. Superior Ct. 204; Phila. v. Hafer, 38 Pa. Superior Ct. 382; Harrisburg v. Segelbaum, 151 Pa. 172. The legal inquiry always comes down to the ascertainment of municipal intention; did the municipality intend to convert what it theretofore regarded as an ordinary road into what it would thereafter regard as a paved street by (a) adopting an existing pavement, or (b) constructing a pavement of its own. If this purpose and intent be present and is to be fairly inferred, then there is a paving which exempts the abutting property owner from liability for a subsequent pavement: Phila. v. Shallcross, 95 Pa. Superior Ct. 435. The matter of paving streets in a borough is exclusively for the council. We are of one mind that the only rational conclusion to be reached in the light of the admitted facts is that the paving of 1873 and 1874 was a permanent improvement made by the borough council with the intention of converting what was then an ordinary dirt road into an improved street, according to the best methods of paving known at that time.

Where, as here, the facts are undisputed, the question as to whether or not an original paving is shown, prior to that for which it is sought to recover, becomes a question of law for the court: Harrisburg v. Funk, 200 Pa. 348.

It follows that the learned president of the court

below was right in holding that the concrete pavement laid in 1924, which is the basis of the lien sought to be enforced, was a repaving of the street, for the cost of which the defendant may not be held liable.

The judgment is affirmed.