## Indemnity Insurance Co. of North America v. McGuirk et al.

*Swartz & Campbell,* for plaintiff.
*Donoghue, Gibbons & Donoghue,* for defendants.

ALESSANDRONI, J., April 3, 1930.—The plaintiff filed a statement of claim setting forth an agreement by which the defendants agreed to indemnify the plaintiff for prospective losses to the extent of $10,000 which the plaintiff might suffer as a result of a bond executed by the plaintiff in favor of the West End Trust Company. The statement of claim further set up losses incurred on the bond which forms the basis of this action on the indemnity agreement. The defendant filed a rule for a more specific statement of claim, setting forth numerous reasons in support of it.

The defendant first alleges that the plaintiff should have attached to its statement of claim a copy of the bond, plans, specifications and agreement referred to in the bond. These instruments together form the basis of the plaintiff's action, inasmuch as the plaintiff claims that as a result of a breach of the agreement, upon which the bond was given, it was compelled to complete the contract in accordance with the agreement, plans and specifications. All these documents are material, vital and together form the foundation of the plaintiff's cause of action. They should, therefore, be attached to the statement of claim. All material papers should be attached to the pleadings: Georges Township *v.* Union Trust Co., 293 Pa. 364; Philadelphia *v.* Muller, 293 Pa. 360. In the case of Tyrie *v.* City Bank, 29 Dist. R. 723, presenting a similar situation, the court stated: "Under the provisions of section 5 of the Practice Act of 1915 and the rules of this court, copies of the above written instruments should have been attached to the plaintiff's statement, or the reason given why it could not or should not be done." In Franklin Sugar Refining Co. *v.* Fulton, Mehring & Hauser Co., 1 D. & C. 615, the court stated: "The defendant is entitled to full and specific information as to all the details

of the alleged contracts in suit, the breach of the same and the damages claimed, in order that he may determine whether to admit or to deny them in whole or in part, and thereby avoid trial entirely or reduce its trouble and expense by clearly defining and limiting the issues of facts to be determined."

The defendant next objects to the failure of the plaintiff to give detailed information of the sums of money alleged to have been expended as a result of its liability on the bond. The plaintiff attached to its statement of claim an exhibit, in which the money expended every week was given as an "estimate." Items of labor, plumbing, etc., are given in a lump sum. Under the decisions in this State, such pleading is faulty. In Frick & Lindsay Co. v. Kent & Kervin, 265 Pa. 264, similar pleading is involved. Objection to this pleading was made by a rule for judgment and the rule was made absolute, the court saying: "As to the first item, the affidavit does not aver how many laborers, who they were, the time each was employed, the price paid each per day or month, the time superintendent was employed, the price paid him, or that the wages paid laborers and superintendent was reasonable or the usual and ordinary charge for such labor." Accord, Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Badger v. Miller, 1 D. & C. 94. As was stated in Shane Bros. & Wilson Co. v. Painter, 1 D. & C. 734, the defendant is entitled to detailed information regarding the money expended by the plaintiff which it now seeks to recover.

The plaintiff has deducted from its total expenditures various sums received from the West End Trust Company out of the proceeds of certain first mortgage settlements. Here, again, the plaintiff has failed to set forth clearly and in detail the source of these credits and the circumstances under which they were received. Unless this information is stated in a detailed and exhaustive manner the defendant will not be in a position to affirm or deny its correctness, as is required by our Practice Act and the rules of this court.

And now, to wit, April 3, 1930, the rule for a more specific statement of claim is made absolute.