## City of Chester, Appellant, *v.* Larkin.

*Road law—Paving—Original pavement—Municipal action.*

A first pavement, in a legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally, as one that is put down originally or adopted or acquiesced in by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or may be fairly inferred, then there is a paving whatever the material may be.

Where a street in a borough was paved in accordance with a petition signed by the abutting owners, and under the authority conferred in the borough council, and an assessment levied against the abutting properties in proportion to their respective frontage there is sufficient evidence that it was the intention of the municipal authorities to convert the road into a paved, improved borough street, and that such improvement constituted an original paving in the legal sense. Where such borough is afterwards annexed to an adjoining city the city cannot assess the abutting property owners for new paving under the front foot rule.

Argued Nov. 19, 1918. Appeal, No. 82, Oct. T., 1918, by plaintiff, from judgment of C. P. Delaware Co., March T., 1912, M. L. D. 575, on a verdict for defendant in case of City of Chester v. Charles E. Larkin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before JOHNSON, J.

The facts appear by the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment n. o. v.

A. A. *Cochran,* for appellant.—The claim was for original paving and the defendant was liable therefor: Hammet v. Phila., 65 Pa. 146; Orphans' Asylum of Pittsburgh, 111 Pa. 143; Williamsport City v. Beck, 128 Pa. 150; Borough of Greensburg v. Laird, 138 Pa. 533; Harrisburg v. Segelbaum, 151 Pa. 172; Boyer v. City of Reading, 151 Pa. 185; Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467; Lak et al. v. Phila., 171 Pa. 125; Harrisburg v. Funk, 200 Pa. 349; Philadelphia v. Hafer, 38 Pa. Superior Ct., 382; City of Easton to use v. William Hughes, 66 Pa. Superior Ct. 589.

*John E. McDonough,* and with him *William B. Harvey,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

This is an action of scire facias upon a municipal claim for paving the roadway of Highland avenue, in the City of Chester. The defense was upon the ground that this was not an original paving of the street for which the land of the appellee was legally assessable. There was a verdict and judgment in favor of the defendant in the court below and the city appeals. The learned counsel representing the city contends that there was not sufficient evidence that any former paving of the street was done by the municipal authorities with the intention of changing the old country road into a paved street and that the court erred in submitting that question to the jury.

The Borough of South Chester was incorporated by the special Act of Assembly of March 12, 1870, P. L. 413, and was annexed to and became part of the City of Chester in 1897. Highland avenue was a public highway long before the incorporation of the borough. The statute incorporating the borough contained the following material provisions: "The Council of said borough, in addition to the powers conferred by the said general bor-

ough laws, shall have power either to pave the roadway, or curb and pave the sidewalks of the streets therein, or any portion of said streets,......and borrow money to pay for the same,......and to levy a special tax to pay the loan so created, for ten successive years, one-tenth of the cost of the work, upon the lands fronting upon the streets so paved, ......and to collect the same as other taxes are collected; Provided, that such special tax......shall be levied upon the said lands in proportion to their extent in front upon such streets; And Provided further, that no such special tax shall be levied unless the work shall be done upon the written application of two-thirds of the owners of the lands fronting on such streets." This was the only provision of this special charter which made any reference to the paving of streets and providing for the payment of the cost of the work. There was, on June 20, 1870, presented to the council a' petition signed by the owners of all the land abutting on Highland avenue, praying "that such avenue be, as soon as may be, paved with broken stone and the expense of the same be provided for as specified in the charter of the said Borough of South Chester." There is no question that this petition was in proper form and was signed by the requisite number of the property owners. The minutes of the borough show that this petition was presented to the council on the day of its date and that "On motion, the petition was received, agreed to and referred to the Street Committee with power to act." The council subsequently authorized the street committee to advertise for a loan of five thousand dollars for the purpose of macadamizing Highland avenue and accepted an offer of S. M. Felton to take so much of the loan as was necessary to complete the paving of the street. The street committee having reported the bids which they had received for furnishing stone for Highland avenue, the council authorized the committee to enter into a contract with a designated firm to furnish the stone, and the manner of breaking the stone was left

to the street committee. The work of paving the street with broken stone was carried on to completion and the council authorized the payment of bills to the amount of between four and five thousand dollars for work done in the improvement of the street. After the work was done the council assessed the cost thereof upon the abutting properties in proportion to their respective frontage, as provided by the charter, and collected one-tenth of said assessments in each of the ten years following, and the property owners paid all these assessments as they became due. The facts above stated are not disputed. The testimony of the witnesses varied as to details of the work which was done upon the street in 1870, but there is no doubt that the roadway was macadamized in front of the property of this appellant and the question of the depth of the pavement of broken stone is not under the undisputed facts in this case controlling.

The case of Hammett v. Phila., 65 Pa. 146, had been decided almost a year before the statute incorporating this borough was enacted. The legislature which enacted the statute and the council of the borough which proceeded to exercise the powers which it conferred must be presumed to have known that it was not within the legislative power to authorize a municipality to impose a special tax upon abutting property to cover the cost of repair of a road or street. Repairing roads and streets is part of the duty of a municipality, for the general good. The charter of this borough empowered the council to pave streets and assess the cost upon abutting property, but this can only be construed to mean the original paving of a street, a local improvement coming within the principle which permits of assessing the cost upon the property peculiarly benefited. It is only the first pavement, whatever it be composed of, converting the road into a street for which the municipality can charge the property owner. The municipality has the exclusive right to determine in the public interest when, how and with what material such conversion into a street shall

take place. It is essential to such a first pavement as shall exonerate the abutting owner from further charge for improvement, that it shall be laid or adopted by the municipal authority, not necessarily by formal ordinance declaring the change, for it is not always convenient or even possible to make such documentary proof, but municipal recognition of the pavement of the street, as such, must appear. "A first pavement, in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently, by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street. It may be of macadam or of anything else. That is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or may be fairly inferred, then there is a paving whatever the material may be": Philadelphia v. Eddleman, 169 Pa. 454; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382. When, in 1870, the owners of property fronting on this street petitioned the borough council to pave the same, under the provisions of the special charter, the municipal authorities were vested with jurisdiction to determine the manner in which the work should be done, borrow money to pay for it, and to assess the cost thereof upon the abutting property. If they exercised the power conferred and paved the street, and assessed the cost thereof upon abutting property and collected it from the owners, it must be assumed that their intention was a lawful one. There was in this case competent evidence that they had done all of these things, and this was sufficient to warrant a finding that it was the intention of the municipal authorities to convert the road into a paved, improved borough street. The specifications of error are overruled.

The judgment is affirmed.