# Philadelphia to use v. Hafer.

*Road law—Paving—Original pavement—Municipal action.*

1. A first pavement in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently, by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street. It may be of macadam or anything else. This is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or to be fairly inferred, then there is a paving whatever the material may be.

2. When a city acquires the property of a plank road or turnpike company the duty which it assumes is to keep the highway in repair. The character of the highway is not changed from a road into a city street merely because the city has acquired the possession and assumed the duty of maintaining the highway. The city may keep the road in repair, as such, until the proper time has arrived for the change into a city street, and the city authorities are sole judges as to when that time has arrived. The city may adopt such road as a street sufficiently well paved for all the requirements of present or future use, as a city street. And if this course is adopted as to any road or portion thereof, no matter how or with what material it was paved, then it becomes a street as the result of such action. The entire absence of formal municipal action is strong presumptive evidence of lack of municipal intent to adopt the road as a street.

3. The action of the city which will give rise to an implication of the adoption of a road as a paved street, and exempt an owner from assessment for future improvement, must involve a recognition of it as a paved street; mere recognition of it as a highway is not sufficient. No such recognition can be inferred from laying water pipes in the street, or in lighting it, or in collecting garbage and ashes from houses on it, or in requiring persons to take out a permit for making openings in it, or in permitting the operation of an electric railway on it, or in the paving of the center of the street with vitrified brick, by the railway company.

Argued Oct. 22, 1908. Appeal, No. 163, Oct. T., 1907, by Mary Hafer, executrix of Charles Hafer, deceased, from order of C. P. No. 3, Phila. Co., Dec. T., 1906, No. 2,054, making ab-

solute rule for judgment for want of a sufficient affidavit of defense in case of city of Philadelphia to use of Barber Asphalt Paving Company v: Charles Hafer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur municipal claim for paving. Before FERGUSON, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Bayard Henry*, with him *Thomas Stokes*, for appellants.— It is immaterial that the paving was not originally put down by the city as a street paving, if it is subsequently acquiesced in by the city: Philadelphia v. Eddleman, 169 Pa. 452.

Subsequent municipal acquiescence in a paving may be shown by the introduction of improvements into a street by the authority of the city: Harrisburg v. Funk, 200 Pa. 348.

Although any one act of the city may not in itself be sufficient to show municipal acquiescence, yet all the acts set forth in the affidavits of defense, taken collectively, are sufficient to show that prior to the laying of asphalt thereon the city had recognized Tacony street as a paved city street: Leake v. Philadelphia, 171 Pa. 125.

But in addition to this the city did exercise a statutory authority with respect to the paving of the street by the ordinance of December 15, 1902.

*Walter Biddle Saul*, with him *E. O. Michener*, for appellee.— The act of municipal adoption or acquiescence must be an affirmative act in regard to the paving. Actions taken by the city with respect to a street which are commonly done by the city with relation to its unpaved streets is not adoption, nor can adoption be presumed from the failure of the city to disaffirm an intent to adopt: Dick v. Philadelphia, 197 Pa. 467.

The first defense alleged is that Tacony street was formerly known as State road and open and in existence in front of de-

fendant's property prior to 1854, and that a plank road company constructed a plank road and later substituted a stone road for the plank road. Philadelphia v. Baker, 140 Pa. 11; Philadelphia v. Eddleman, 169 Pa. 452, and Dick v. Philadelphia, 197 Pa. 467, effectually dispose of any contention that municipal adoption can be shown from these facts.

Repairing a street does not mean an adoption: Philadelphia v. Dibeler, 147 Pa. 261; Evans's App., 210 Pa. 539.

If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving: Philadelphia v. Baker, 140 Pa. 11.

That the city had authorized a street railway company to lay its tracks along Tacony street proves nothing in regard to the intent to adopt the paving of the street: Reading v. United Traction Co., 215 Pa. 250.

OPINION BY PORTER, J., February 26, 1909:

This is a scire facias upon a municipal lien for paving Tacony street, under the provisions of an ordinance approved June 30, 1904. An affidavit of defense was filed which the appellant contends averred facts which established that the work was the repaving of a city street and not an original paving for which the property owner was liable. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, and the defendant appeals.

The affidavit of defense contained the following material averments. Tacony street was formerly known as State road, and was open and in existence in front of defendant's property prior to the year 1854, when the borough of Frankford was consolidated with the city of Philadelphia; that on March 3, 1854, P. L. 143, an act of assembly was passed authorizing the construction of a plank road by a company to be known as the Tacony & Poquessin Plank Road Company; that said company was organized in July, 1854, and soon afterwards completed that part of their road on what is now Tacony street; that prior to 1860, gas pipes were laid in the road in front of the property now owned by the defendant; that on April 3, 1860, P. L. 625, an act of assembly was approved which authorized the plank road company to

change that portion of their road already laid with plank to a stone or turnpike road and to complete the said road with stone; that in 1860 the plank road company surrendered its franchise to the city of Philadelphia; that water pipes were laid along said part of said street in June, 1882, and that in order to tear up said street to connect with the gas and water mains the property owners were obliged to obtain permits from the city of Philadelphia. The affidavit averred, further, that by ordinances of December 23, 1892, and December 28, 1894, the city authorized the Holmesburg, Tacony & Frankford Electric Railway to operate an electric railway on said Tacony street in front of defendant's property, said railway company agreeing to keep and maintain said street in good order at all times; that in 1895, said railway company dug up the macadam of said street and laid a single track, with turnouts, repaving said street with vitrified brick between the tracks, and since laying their tracks said railway company had maintained said street in repair; that brick sidewalks and curbs had been laid on said Tacony street in front of defendant's property for a period of over fifteen years, and that ashes and garbage had been collected and said street had been lighted with electric lights for the same length of time; that the street had been macadamized in front of defendant's property since 1884 and there had been no change of grade or plans made in said street during that period; and that the street had been cleaned at intervals and dirt carted away from the gutters. A supplemental affidavit of defense was filed, which set forth at length two ordinances of the city, the first of which was approved April 5, 1884, and the second October 21, 1884. By the provisions of the first ordinance the chief commissioner of highways was "authorized and directed to repair State Road, from Bridge Street to Delaware Avenue, with broken stone and to make arrangements with the Board of Managers of the House of Correction to furnish materials and to have said work done by the inmates of said institution;" and the city controller was authorized to countersign warrants to an amount not exceeding $5,000 for the necessary expenditures relating to the work. The second ordinance transferred the sum of $5,000 from another appropriation, "to provide for the payment of the hauling and

transportation of materials, and for necessary expenditures relating or incidental thereto, for finishing the work of repairing State Road, from Bridge Street to Delaware Avenue, with broken stone and gravel." This affidavit stated that, under said ordinances, a durable macadam paving was constructed in the center of the street, leaving a strip about six feet wide next the curb on each side, and the owners of the abutting property, at the same time, entered into an arrangement with the authorities of the house of correction and procured the macadamizing of this strip of the street next the curb and paid for the same; that the city of Philadelphia maintained Tacony street in repair at public expense up to June, 1895. This affidavit also set forth at length the provisions of an ordinance, approved December 15, 1902, authorizing the department of public works "to lay water mains for the distribution of filtered water" in a large number of streets, including the street in question, and "to remove street paving and relay the same," and directing that the expense of said work be charged to the appropriation for main line pipe and lines for the distribution of filtered water; and averred that under the authority of this ordinance Tacony street in front of defendant's property had been dug out from curb to curb and main pipes for filtered water laid therein, and that said street in front of defendant's property had been left without paving for over a year, and at the expiration of that time the asphalt paving was laid, to pay for which this claim was filed. The learned counsel for the appellant argue that from all these facts the inference is to be drawn that the city adopted and acquiesced in the construction of the plank road, by the plank road company, or, if not that plank road, then the repair of the road by the city, with macadam, in 1884, as a paving of the road, for the purpose and with the intent of changing an ordinary road into a city street. It may here be observed that the affidavit of defense does not state that the plank road company had availed itself of the provisions of the act of assembly of April 3, 1860, by changing the road already laid with plank into a stone or turnpike road. What the condition of the road was at the time it passed into the charge of the city is not by the affidavit of defense made to appear.

"As the city has the exclusive right to determine in the public interest when, how and with what material such conversion into a street shall take place, it is essential to such a first pavement as shall exonerate the abutting owner from further charge for improvement, that it shall be laid or adopted by the municipal authority. Not necessarily by formal ordinance declaring the change, for it is not always convenient or even possible to make such documentary proof, but municipal recognition of the pavement of the street, as such, must appear, either by action in the first instance or by acquiescence and adoption subsequently. . . . A first pavement, therefore, in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently, by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street. It may be of macadam or anything else. That is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or to be fairly inferred, then there is a paving whatever the material may be. It may perhaps be safely stated as a corollary, that prima facie, macadamizing is not a street paving in Philadelphia or probably in other large cities, while on the other hand there may be a presumption the other way in smaller cities or towns:" Philadelphia v. Eddleman, 169 Pa. 452. When a city acquires the property of a plank road or turnpike company the duty which it assumes is to keep the highway in repair. The character of the highway is not changed from a road into a city street merely because the city has acquired the possession and assumed the duty of maintaining the highway. The city may keep the road in repair, as such, until the proper time has arrived for the change into a city street, and the city authorities are the sole judges as to when that time has arrived. The city may adopt such road as a street sufficiently well paved for all the requirements of present or future use, as a city street. And if this course is adopted as to any road or portion thereof, no matter how or with what material it was paved, then it becomes a

street as the result of such action. The entire absence of formal municipal action is strong presumptive evidence of lack of municipal intent to adopt the road as a street; "municipal adoption or acquiescence cannot be assumed. It must be proven:" Harrisburg v. Funk, 200 Pa. 348. The action of the city which will give rise to an implication of the adoption of the road as a paved street, and exempt an owner from assessment for future improvement, must involve a recognition of it as a paved street; mere recognition of it as a highway is not sufficient. When the city acquired the property of the plank road company, in 1860, the road was either planked or macadamized, the affidavit does not clearly state which, and gas pipe had already been laid in the road. From the mere acquisition of the road in this condition no inference could be drawn that the city adopted it as a paved city street. The laying of water pipe in the street, in 1882, had no connection with the pavement, for water pipes may be laid in a street, whether paved or unpaved, and are often laid in streets but little used, in order to more directly reach local centers of population. The subsequent lighting of the street had no material bearing upon the question, for unpaved streets may properly be lighted, and in modern times the unpaved roads of country villages are frequently lighted. The fact that garbage and ashes have been collected along the highway for a number of years past has no more connection with the character of the street than has the fact that houses fronting upon the road are subject to the jurisdiction of the health department of the city. The fact that persons who opened the street to make connection with the water and gas mains of the city were required to take out a permit can have no weight in determining whether the street was paved or unpaved; the city may very properly make such a regulation with regard to its water and gas mains in any and all streets, whether paved or unpaved. The consent of the city to the construction and operation of an electric railway on the road did not involve the adoption of the road by the municipality as a paved city street; such railways may lawfully be operated upon suburban and country roads, as well as city streets. None of these acts singly nor altogether following each other at varying periods, could be

held to justify the inference that the municipality had adopted or acquiesced in the original surfacing of the road or any repair thereof as converting the road into a paved street: Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Gowen, 202 Pa. 453; East Street, 210 Pa. 539. The repair of the street by macadamizing, under the provisions of the ordinances of 1884, was not such an original paving as would exempt abutting property from assessment when, in the judgment of the municipal authorities, the time had come for changing the road into a city street and placing upon it a suitable pavement: Philadelphia v. Baker, 140 Pa. 11; Philadelphia v. Dibeler, 147 Pa. 261. Even if the action of the electric railway company, in paving between the rails of its track with vitrified brick, could be held to be a paving of the road with the approval of the municipal authorities, that would be only applicable to the strip of the street so paved, and would leave the abutting owners liable to assessment for the paving of the other parts of the street: Alcorn v. Philadelphia, 112 Pa. 494. The affidavit of defense does not state what width of the street was so paved with vitrified brick by the electric railway company and does not aver that the defendant was charged with any amount of the pavement between such tracks, thus failing to show that the defendant is called upon to pay for any part of the pavement of the street for which he is not liable.

The ordinance of December 5, 1902, authorizing the laying of water mains for the distribution of filtered water in Tacony and other streets, did not specifically authorize the paving of any street, it simply authorized the proper officers to remove and relay such street paving as was necessary to permit the construction of the mains for the distribution of filtered water. The affidavit of defense specifically avers that the macadamizing was not replaced upon the part of Tacony street in question; there was, therefore, no paving of the street under the provisions of that ordinance. The affidavit does not deny that the paving for which this lien was filed was laid under the authority and in accordance with the provisions of the ordinance of June 30, 1904. The authorities hereinbefore cited dispose of all

the questions raised by the affidavit of defense, adversely to the contention of the appellant.

The judgment is affirmed.

RICE, P. J., and HEAD, J., dissent.