# Philadelphia, to use, *v.* Edmonds, Appellant.

*Municipal liens—Paving—Macadamizing — Telford pavement — First pavement—Conversion of road into street—Intention—Road law.*

Where a city by ordinance authorizes the "macadamizing or surfacing of certain unpaved streets and roads," at the cost of the city, but in the same ordinance provides "that the property owners shall not be released from paying for paving the above streets or roads when the same may be directed to be paved by ordinance of council," and the city subsequently paves a portion of one of the streets with a pavement described as a Telford pavement, an abutting property owner cannot allege as a defense to an assessment for a subsequent paving with stone, that the previous paving was

not under the ordinance of council, and was a first paving, if the testimony shows that the Telford paving was the same thing as macadamizing.

Argued Nov. 26, 1915.   Appeal, No. 200, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1914, No. 4043, M. L. D., on verdict for plaintiff in case of City of Philadelphia, to use of Union Paving Company, v. Sara B. Edmonds.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Scire facias sur municipal lien to recover an assessment for paving a street with stone.   Before SHOE-MAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $596.98.   Defendant appealed.

*Error assigned,* among others, was refusal of binding instructions for defendant.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellant.—The Telford pavement laid upon Upsal street between Wayne avenue and Wissahickon avenue in the year 1905 was not laid under the provisions of the ordinance of July 19, 1902: Fell v. Philadelphia, 81 Pa. 58; Philadelphia v. Jewell, 135 Pa. 329; Reilly v. Philadelphia, 60 Pa. 467.

Telford is a city street-like pavement, more permanent and enduring than macadam, and not a mere surfacing of a road: Harrisburg v. Segelbaum, 151 Pa. 172; Leader v. Northern Cent. Ry. Co., 246 Pa. 452.

*Walter Biddle Saul,* for appellee.—All of the cases on the subject use substantially the same language, to wit, that the mere surfacing of a road, no matter how carefully or expensively done, will not be a paving if the in-

tent and purpose are lacking: Philadelphia v. Eddle-
man, 169. Pa. 452; Dick v. Philadelphia, 197 Pa. 467;
Harrisburg v. Funk, 200 Pa. 348; Philadelphia v. Hafer,
38 Pa. Superior Ct. 382.

Opinion by Porter, J., October 9, 1916:

The action was scire facias sur municipal lien. The
assignee of the city sought to recover from the defendant
her proportionate share of the cost of paving the street
on which her property abutted. The paving was done
under a city ordinance enacted in 1913. No contest is
raised as to the facts the street was paved, the assessment
regularly laid, or that the property of the defendant
was improved thereby to the extent of the assessment.
The sole ground of defense was that the city had pre-
viously laid a first pavement on the street and paid for
the improvement out of the general taxes and therefore
the defendant was within the exception to the general
rule. That the owner of property abutting on a city
street may be lawfully assessed with his proportionate
share of the cost of paving such street is undoubtedly
the rule. But such liability exists only in the case of
what is properly termed the "first pavement."

When a city, by the improvement of what was before
but a rural or suburban road or highway, has unmis-
takably indicated its decision to convert such road into
a regular city street, it must thereafter resort to its
general funds to pay the expense of keeping such street
in repair. But it is to be kept in mind "the city has the
exclusive right to determine, in the public interest when,
how and with what material such conversion into a street
shall take place,......If the purpose and intent be want-
ing, a mere surfacing of the road, however carefully or
expensively done, will not be a paving": Philadelphia v.
Eddleman, 169 Pa. 452. This case and our own, Phila-
delphia v. Hafer, 38 Pa. Superior Ct. 382, have fully de-
veloped all of the legal principles that must control our
judgment. What facts are established by the evidence?

In 1902 the councils of the City of Philadelphia enacted an ordinance "to authorize the macadamizing or surfacing of certain unpaved streets and roads," among them Upsal street on which the property of the present defendant abuts. It authorized the Department of Public Works to enter into contracts for "macadamizing or surfacing" these roads. The cost of such work was to be paid from "Item 21½" in the appropriation made to that department. This ordinance contained this significant language: "Provided also that the property owners shall not be released from paying for paving the above streets or roads when the same may be directed to be paved by ordinance of council."

In 1905 the city improved a strip sixteen (16) feet in width in the middle of Upsal street, which was a fifty (50) feet wide street, and paid the cost thereof out of its general funds without attempting to assess any portion thereon upon abutting property owners. If the work was done and paid for under the ordinance just cited, the intent of the city that such improvement was not to be considered a first pavement, within the meaning of the law, is clear. The able counsel for appellant rests his conclusion that this work was not done under the ordinance cited, and was in fact and in law a first pavement, upon two allegations; (a) the work actually done was more than the macadamizing or surfacing the street in that the foundation of the improved strip was what is known as "Telford work," and upon this foundation the macadamized surface rested; (b) that the work was not paid for out of "Item 21½" but out of "Item 21¾." When we examine these two allegations in the light of the testimony offered by the defendant herself, they seem to furnish no warrant for the conclusion predicated upon them. Her witness, McCord, a division engineer in the Bureau of Highways, describes how what he calls a "Telford pavement" is constructed. When asked what was a macadam road, he replied, "A macadam road is the same thing. There was originally a difference. A

macadam was made up of just broken stones about eight (8) inches thick, from eight (8) to twelve (12). In general terms a Telford road and macadam road are the same." In the light of such testimony it would be impossible for a court, with propriety, to so construe the ordinance cited as to justify the conclusion the work done on the strip of Upsal street was not done under the terms of the ordinance. The deputy controller of the city was also called in behalf of the defendant. His testimony establishes that the contractor who did the work was in fact paid out of the appropriation provided by the ordinance of 1902, although the item was then numbered $21\frac{3}{4}$ and not $21\frac{1}{2}$.

These matters, having been thus disposed of, there remained nothing else upon which to predicate a conclusion that the work done in 1905 was done under any other authority than that contained in the ordinance of 1902. There was no other ordinance authorizing the work, no other provision of the money to pay for it. The learned trial judge affirmed the defendant's third and fifth points. We quote the third point. "If you find that the laying of the 'Telford' constituted an original paving of Upsal street then, even though the municipal authorities may have paid for its laying, nevertheless the abutting property owners were thereby relieved of any liability to pay for a subsequent repaving, and your verdict must be for the defendant." As we view it, this was certainly as favorable a direction for the defendant as she had any right to expect under the undisputed evidence. It is true the learned trial judge, in submitting the single question to the jury, expressed his own opinion there was but little if any evidence to support the conclusion urged on them by the defendant. This he had a right to do, as he still submitted the question to them. Speaking for myself, I should be inclined to hold that the trial judge would have been warranted in directing a verdict for the city on the ground there was no substantial evidence to warrant a finding that the work done in 1905

was anything else than an improvement contemplated by the ordinance of 1902 or that the work done was paid for otherwise than under the appropriation made by that ordinance.

A careful examination of the entire record leads us to the conclusion the case was fairly tried and the judgment in favor of the city or its assignee should not be interfered with.

Judgment affirmed.