## Philadelphia to use *v.* Clark, Appellant.

*Road law—Streets—Paving—Original paving—City of Phila-
delphia—Ordinances—Street railways.*

1. An owner of land abutting on a street is liable for the original paving thereof unless he can point to some ordinance relieving him from such liability.

2. An ordinance of the city of Philadelphia passed March 30, 1893, imposing a liability on a street railway company for the "repaving" of the street does not relieve the property owner from liability for original paving.

3. What the city stipulated for, in such ordinance, was not immunity to property owners from the expense of original paving, for which they, and not it, would be liable, but immunity to it from the cost of repaving, for which it, and not they, would be required to pay.

4. The ordinance of July 11, 1857, imposing liability on a street railway company for an original paving, was repealed to that extent by the ordinance of April 1, 1859, and a landowner cannot claim exemption from liability under such ordinance; nor can he claim exemption for a portion of the street required, by the ordinance of October 16, 1860 (supplementary to the ordinance of 1857), to be paved with granite blocks, inasmuch as that ordinance did not fasten upon the railway company the liability to pay for such paving.

Argued January 10, 1921.  Appeal, No. 85, Jan. T., 1921, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1918, No. 2630, M. L. D., making absolute rule for judgment for want of sufficient affidavit of defense, in case of City of Philadelphia to use of the Barber Asphalt Paving Co. v. William T. Clark.  Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Scire facias sur municipal lien for paving street.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

The court in an opinion by SHOEMAKER, J., made the rule absolute.  Defendant appealed.

*Error assigned,* among others, was order, quoting it.

*Arthur S. Arnold,* with him *Leo Belmont,* for appellant.

*Walter Biddle Saul,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 21, 1921:

The lien which gives rise to the controversy in this case was filed by the City of Philadelphia, to the use of a paving company, against appellant, for original street paving in front of a property belonging to him on Chelten Avenue. In the affidavit of defense, liability was denied, on the ground that certain ordinances of the city relieved property owners on the avenue named, from payment of the cost of its original paving.

In the year 1889 a street railway company was incorporated with authority to lay its tracks in Chelten Avenue; and the ordinance granting municipal consent contains a provision that the company "shall comply with all the ordinances which the city has the lawful power to pass relative to street passenger railways." Thereafter in 1898, councils passed another ordinance, permitting the railway company to extend its tracks on the avenue named. This ordinance contained the provision "subject however to all the terms and conditions contained in the ordinance of March 30, 1893, to which this is a supplement, but nothing in said ordinance contained shall be construed to require said company to do original paving where said street has not yet been paved by the property owners." At the time the last mentioned ordinance was passed, Chelten Avenue in front of appellant's property had not been paved. Appellant's contention is that the above-recited part of the ordinance, exempting the company from doing original paving, is void, because there is no reference in the title of the ordinance to this part of it, as required by the Act of May 23, 1874, P. L. 230, and, furthermore, that, by an agree-

ment entered into in 1907 between the city and the Philadelphia Rapid Transit Company, which had succeeded to·the rights of the company hereinbefore referred to, the city itself had assumed the cost of all paving, which the transit company or any of its acquired companies were required to do, and, the railway company having constructed its tracks in the street upon which this property abuts, the city was precluded from filing the lien.

In the view we take of the case, the question of the sufficiency of the title of the ordinance of 1898 need not be passed upon, as the defendant admits liability to lien for an original paving, unless some ordinance of the city relieves him from this burden.  He points to the ordinance of March 30, 1893, recited in the ordinance of 1898, as the one absolving his property from liability; but a close reading of it fails to sustain his position. Section 4 of that ordinance provides: "That the said company shall......repave in good, substantial and workmanlike manner with Belgian blocks or other improved pavement......all streets to be occupied by it not already paved with such improved pavement, and also all other streets heretofore repaved with an improved pavement, the repaving of which is not satisfactory,......said repaving to be done from curb to curb for such length of street as shall be occupied by poles and trolley wires or by other electric motive-power system."  It will thus be seen that the obligation put upon the company by this ordinance is that of "repaving," not the doing of original paving; what the city was stipulating for was not immunity to property owners from the expense of original paving, for which they and not it would be liable, but immunity to it from the cost of repaving, for which it and not they would be required to pay—this burden of repaving it transferred by the ordinance to the railway company.  As the appellant indicates this ordinance as the municipal law which saves him from liability to lien for an original paving, and

since the ordinance has no such effect, his immunity from payment, so far as it is concerned, fails.

In the event of his defense to the entire lien not prevailing, appellant, in his affidavit, sets up nonliability for part of the sum claimed, by reason of the provision of another city ordinance, approved October 16, 1860, which provides, "Whenever any passenger railway shall hereafter be made or laid down......the sides thereof shall be paved with cubical blocks or granite laid on each side of the rail to the extent of the lines of said railway so laid......within the limits of the city." It will be noted, this ordinance does not provide that, for the part of the paving so laid with granite blocks, the railway company shall pay; but, assuming the liability of the company for this part of the paving and the taking over of the company's liability by the city under the terms of the agreement of 1907 before referred to, appellant asserts his nonliability for the cost of the granite-block part of the paving set forth in the lien. The title of the ordinance of 1860 is "An ordinance supplementary to an ordinance approved the eleventh day of July, 1857, entitled an ordinance to regulate passenger railways." It is true, the ordinance of 1857 did provide that original paving should be paid for by the railway company, but so much of this ordinance as placed the burden of paying for original paving was repealed by another ordinance, passed on April 1, 1859, which was held valid in Phila. v. Evans, 139 Pa. 483. Since so much of the ordinance of 1857 as fixed liability on the railway company for original paving was repealed, and since that of 1860 did not fasten the railway company with liability for the granite-block part of the paving, the defense set up to this part of the claim is also unavailing.

The assignments of error are overruled and the judgment is affirmed.