## Philadelphia to use *v.* Burk, Appellant.

*Road law—Streets—Paving—Repaving—Macadam — Asphalt — Original paving.*

1. The taking over of a turnpike road is not such an adoption by a municipality as to make the surfacing then in existence come within the legal meaning of an original paving.

2. Nor does the fact that repairs were made to the old highway, that curbing was directed, street railways operated, or the furnishing thereon of facilities such as gas, water or light, sufficiently indicate this.

3. If the surfacing first put in place comes within control of the municipality, the abutting owner is not relieved as a result, unless it appears that the construction was adopted, or acquiesced in subsequently, with the intent and purpose of changing the old road into a street.

4. It is not sufficient that there be a recognition of it by mere user as a public highway by the municipality.

5. A road in the City of Philadelphia "paved with macadam" is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner from liability for the subsequent construction of an asphalt pavement.

6. A property owner is not relieved from paying for the laying of an asphalt pavement, to replace a macadam pavement, by an agreement between the city and a street railway company, whereby the latter agrees to pay for repaving "in good and substantial and

workmanlike manner with Belgian blocks or other improved pavement, all streets to be occupied by it not already paved with such improved pavement."

7. In such case the company's liability was limited to the assumption of liability on streets where an original pavement had already been put down.

Argued December 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 301 and 302, Jan. T., 1926, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 771 M. L. D., for plaintiff on case stated, in suit of Philadelphia, to use of Barber Asphalt Paving Co., v. Louis Burk. Affirmed.

Case stated to determine liability for paving. Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*W. B. Saul,* of *Saul, Remick & Saul,* with him *Henry P. Erdman,* for appellant.—The ordinance of 1899 transfers the burden of an original paving from the property owner to the trolley company: Pittsburgh v. Kalchthaler, 114 Pa. 547.

The paving in question was a repaving: Leake v. Phila., 171 Pa. 125.

*Fred'k Ballard,* of *Ballard, Spahr, Andrews & Madeira,* for appellee.—The ordinance of 1899 does not transfer the burden of original paving from the property owner to the trolley company.

The surfacing in question was not a repaving but was an original paving by the municipality for which the abutting property owners are obliged to pay: Phila. v. Eddleman, 169 Pa. 452; Phila. v. Gowen, 202 Pa. 453;

Phila. v. Kerohner, 62 Pa. Superior Ct. 562; Phila. v.
Dibeler, 147 Pa. 261; Harrisburg v. Funk, 200 Pa. 348;
Phila. v. Scholl, 68 Pa. Superior Ct. 404.

OPINION BY MR. JUSTICE SADLER, January 3, 1927:

The municipal liens which give rise to the controversy
now presented were filed by the City of Philadelphia, to
the use of a paving company, against Burk, appellant in
two cases, which were heard together and may be dis-
posed of in one opinion. The claims were for original
paving with asphalt in front of defendant's properties on
Adams Avenue. Proceedings to collect were instituted,
and affidavits of defense and replies thereto were filed.
Whether the new construction should be considered
original paving, and, if so, whether the liability for the
expenditure had been released as a result of a municipal
grant to a street railway company occupying the high-
way, were the issues raised. Later, a case stated, em-
bodying the essential facts in dispute, was framed, and
submitted to the court for decision, with the result that
judgments were entered for the plaintiff, and these ap-
peals followed.

Asylum Pike was constructed in 1829 within the pres-
ent limits of the city, and is now known as Adams Ave-
nue. The highway connected Frankford and German-
town, and was not freed from tolls by the city until 1904.
It had been surfaced by the company with improved
stone macadam on a Telford base for from twelve to
eighteen inches. Since the date mentioned, the city has
kept it in good condition and repair, maintained service
thereon, and required permits from those desiring to
make surface openings. The avenue was similar to other
improved streets in the neighborhood, though it is not
set forth in the case stated that such were originally
paved within the technical meaning of that phrase. It
was further agreed that when the Frankford & Fair-
mount Railway Company laid its tracks on the highway
in 1899, under an agreement to pay for repaving, a plan

was filed in the district surveyor's office showing it to be a paved street, and this map was approved by him. No facts were given showing any authority on his part to act on behalf of the city in making this designation, and indeed the municipality could not then have adopted the road as such had it desired, for the turnpike was not taken over until 1904.

The above recited facts are set forth in the case stated, and from a consideration of them the court was asked to find that the laying of the asphalt, the basis of the present charge, was not a first paving for which the abutting property owner is liable for his proportionate share of the cost. The authorities are clear that in itself the taking over of a turnpike road is not such an adoption by a municipality as to make the surfacing then in existence come within the legal meaning of an original paving: Phila. v. Eddleman, 169 Pa. 452; Dick v. Phila., 197 Pa. 467; Phila. v. Hafer, 38 Pa. Superior Ct. 382. Nor does the fact that repairs were made to the old highway, curbing directed, street railways operated, or the furnishing thereon of facilities such as gas, water or light, sufficiently indicate this: Phila. v. Scholl, 68 Pa. Superior Ct. 404; Phila. v. Hafer, supra.

The question as to whether the condition indicated exists is one depending on the facts of each particular case. If the surfacing first put in place comes within the control of the municipality, the abutting owner is not relieved as a result, unless it appears further that the construction was adopted, or acquiesced in subsequently, with the intent and purpose of changing the old road into a street. It is not sufficient that there be a recognition of it by mere user as a public highway by the municipality: Phila. v. Hafer, supra. Manifestly there was no adoption of what is now Adams Avenue prior to 1904, and no municipal action since has been averred. But it is insisted that this case comes within the ruling of Leake v. Phila., 171 Pa. 125, because of the statement that Adams Avenue was of the same type as other paved

streets in the neighborhood. There, evidence appeared justifying a finding of a proper municipal adoption, which is not shown as to Adams Avenue.

It is urged further that under the wording of the case stated Adams Avenue was "paved," and therefore the present construction must be treated as a repaving. Our consideration is of course limited to the agreed facts set forth (Hebron v. Magda, 280 Pa. 508; Lawrence Co. v. Horner, 281 Pa. 336), and it is upon these alone we must pass in determining whether, under the averments appearing, the plaintiff is entitled to a judgment based on its liens, admittedly regular, and for correct amounts; or if defendant, on the statements appearing, is entitled to exemption from liability. It was stipulated that the avenue was "paved......with macadam," and from this it is insisted that there was admittedly a prior "original paving." Prima facie, a road in the City of Philadelphia so surfaced is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner from liability for the building of a highway adapted to the needs of the community, when the work is undertaken: Phila. v. Eddleman, supra. Municipal adoption and acquiescence cannot be assumed. If there were other facts indicating the condition to be as now urged by the appellant, they should have been set forth, for the burden is upon the property owner to present all matters necessary to show he is entitled to an exemption, and we must assume all relevant facts were stated. The averments which we find here are not sufficient to overcome the presumptions against the existence of a former city paving. Taking the facts as declared, the court could not say the present construction was not an original one. The same rule would have been applied if the like statements had appeared in an affidavit of defense to a scire facias on the lien, for it would then have been the duty of the court to declare, as a matter of law, that it was insufficient, and to enter judgment for plaintiff: Harrisburg v. Funk, 200 Pa. 348. Taking all dec-

larations in the light most favorable to appellant, and confining our consideration to what alone is set forth, we cannot say they establish that this was not a first paving for which the abutting owner is liable for a proportionate share of the cost, but, on the contrary, must come to the conclusion that it was.

A second defense may be briefly noticed. When the trolley company, before referred to, secured its ordinance in 1899, it agreed to pay for repaving "in good, substantial and workmanlike manner with Belgian blocks or other improved pavement......all streets to be occupied by it not already repaved with such improved pavement." The obligation was limited to the assumption of liability on streets where an original pavement had already been put down, and Adams Avenue was not of that class. In view of our holding that the construction for which the cost is now attempted to be collected was a first paving, it would be contrary to our most recent ruling on the subject to hold the property owner was relieved from payment: Phila. v. Clark, 269 Pa. 513. The ordinance considered in the case referred to was, insofar as repaving obligations are concerned, practically identical with that granted to the Frankford & Fairmount Railway Company, whose tracks are on Adams Avenue. It was then held that where the paving was original, the repaving provisions, and the subsequent agreement between the city and the Philadelphia Rapid Transit Company, successor of the railway here referred to, could have no effect in exempting the owner from liability. We have no disposition to depart from what was there said, and think it unnecessary, therefore, to discuss in more detail the question again raised.

Both judgments are affirmed.