## City of Philadelphia, to use, v. Wells.

*Road law—Municipal lien—Paving—Original paving.*

1. Municipal liens are presumably valid, and they put upon the complaining property owner the burden of proving clearly his right to exemption.

2. The first paving, which exempts abutting owners from any liability for any subsequent improvement, is one that is put down originally, or adopted, or acquiesced in subsequently by municipal authority for the purpose and with the intent of changing an ordinary road into a street. Two elements are necessary to evidence this fact; the character of the construction and the intention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention.

3. A road in the City of Philadelphia surfaced or paved with macadam is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner.

4. As there is a presumption in favor of the validity of a municipal lien, there is a presumption against the existence of a prior city paving.

5. It is not required that the purpose or intention of the municipality to adopt paving in the highway as a first paving should be proved by an ordinance of city council; there may be municipal acts and circumstances equivalent to express adoption.

6. Keeping a street in ordinary repair is a duty incumbent upon the municipal authorities under any circumstances, and the discharge of that duty is entirely consistent with the absence of any purpose or intent to change an ordinary road into a city street.

7. Where facts are undisputed, the question whether or not an original paving is shown, prior to that for which it is sought to recover, becomes a question wholly for the court.

Rule for judgment against defendant for want of a sufficient affidavit of defense. C. P. No. 2, Phila. Co., Dec. T., 1926, No. 614.

*W. A. O'Donnell,* for plaintiff.

LEWIS, J., April 11, 1928.—The defendant is a property owner on Durham Street in Philadelphia. A municipal lien was filed against his property to enforce the payment of an assessment for street paving apportioned in accordance with the front-foot rule, long prevailing under our statutes regulating such local assessments. A *scire facias* having issued upon the lien, the defendant filed an affidavit of defense, averring, in substance, that the paving for which the assessment was levied was not an original paving of Durham Street; that this highway prior to 1908 was a dirt road and was "first paved in the year 1908 by consent and permission of the Department of Public Works;" that this paving was paid for by the abutting owners; that it was in character composed of successive layers of stone with a top dressing, and extended from curb to curb, with stone gutters. Defendant further averred, upon information and belief derived from "examination of official records of the Highway Bureau of the City of Philadelphia, the ordinances of council, and the original owners of property abutting the aforesaid street, as well as the original contractor," that such pavement was "passed upon, accepted and approved by the Bureau of Highways of the Department of Public Works of the City of Philadelphia in the year 1908." In another paragraph—the sixth—of the affidavit, defendant declared, upon information and belief derived as above mentioned, that the paving laid in 1908 "changed that unpaved country dirt road into a paved and improved street, and was passed upon, approved and accepted with the intent that it might become a paved street for public use." There was an additional averment of fact that from 1908 to 1926 "the former macadam pavement" was in public use and was cared for and repaired, dressed with tar or asphalt, from time to time, by the City.

City of Philadelphia, to use, v. Wells.

On a motion for judgment for want of a sufficient affidavit of defense, we ruled in favor of the plaintiff and entered such a judgment. The correctness of this ruling is questioned in an appeal to the Superior Court, and we, accordingly, are called upon to file a memorandum of the reasons which actuated this court in entering the judgment complained of.

In the now classic case of Hammett v. Philadelphia, 65 Pa. 146, decided by a divided court, Chief Justice Sharswood speaking for the majority, it was ruled that "when a street is once opened and paved, thus assimilated with the rest of the city and made a part of it, all the particular benefits to the locality derived from the improvements have been received and enjoyed. Repairing streets is as much a part of the ordinary duties of the municipality—for the general good—as cleaning, watching and lighting. It would lead to monstrous injustice and inequality should such general expenses be provided for by local assessments."

This decision was rendered on appeal by an owner of property fronting on North Broad Street, Philadelphia. That thoroughfare and the other principal Philadelphia highways had for many years been paved with Belgian blocks, and, in pursuance of an act of assembly, the city removed the Belgian blocks and laid a new pavement, assessing the cost against abutting property owners. Mr. Justice Read dissented in a vigorous opinion of several pages, being joined by Mr. Justice Williams, the dissenters contending for a construction of the Constitution and the statutes that would permit municipalities to assess against abutting property owners the cost of periodic repaving of highways without restriction other than the discretion of the legislative bodies—of course, on the assumption that the local or special benefit would equal the assessment.

While our Supreme Court thus long ago restricted the power of assessment for paving to the first or original paving of a street, yet that tribunal and the Superior Court have since rigidly adhered to the rule that municipal liens are presumably valid, and they have put upon the complaining property owner the burden of proving clearly his right to exemption. Apprehending fully this declared policy of the courts to uphold when possible the exercise of discretionary power by municipalities, counsel for appealing property owners have been, from time to time, very ingenious in their efforts to draft affidavits of defense that would prevent summary judgment being entered to enforce municipal liens for paving. In the case before us, counsel has apparently studied the line of decisions from Hammett v. Philadelphia, supra, and Philadelphia v. Eddleman, 169 Pa. 452, to the late Supreme Court case of Philadelphia, to use, v. Burk, 288 Pa. 383, and has endeavored to so frame his client's affidavit as to incorporate therein all the averments declared to be essential in the various decisions. Yet, in our judgment, he has been no more successful than his predecessors, for the evident reason that Durham Street was one of many suburban highways paved with macadam under circumstances that have never been deemed to make the surfacing a "first paving" within the law.

"The first paving which exempts abutting owners from any liability for any subsequent improvement is one that is put down originally, or adopted, or acquiesced in subsequently by municipal authority for the purpose and with the intent of changing an ordinary road into a street. Two elements are necessary to evidence this fact: the character of the construction and the intention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention:" Easton City v. Hughes, 66 Pa. Superior Ct. 589.

As was said in Philadelphia, to use, v. Burk, 288 Pa. 383:

City of Philadelphia, to use, v. Wells.

"The authorities are clear that in itself the taking over of a turnpike road is not such an adoption by a municipality as to make the surfacing then in existence come within the legal meaning of an original paving: Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382. Nor does the fact that repairs were made to the old highway, curbing directed, street railways operated, or the furnishing thereon of facilities such as gas, water or light, sufficiently indicate this: Philadelphia v. Scholl, 68 Pa. Superior Ct. 404; Philadelphia v. Hafer, supra.

"The question as to whether the condition indicated exists is one depending on the facts of each particular case. If the surfacing first put in place comes within the control of the municipality, the abutting owner is not relieved as a result, unless it appears, further, that the construction was adopted, or acquiesced in subsequently, with the intent and purpose of changing the old road into a street. It is not sufficient that there be a recognition of it by mere user as a public highway by the municipality: Philadelphia v. Hafer, supra."

It was likewise ruled in the Burk case that, prima facie, a road in the City of Philadelphia surfaced or paved with macadam is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner; and that "municipal adoption and acquiescence cannot be assumed . . . for the burden is upon the property owner to present all matters necessary to show that he is entitled to an exemption."

There is a presumption in favor of the validity of a municipal lien, and, hence, as was indicated in this last-cited opinion of the Supreme Court, there is a presumption against the existence of a prior city paving in such a case as is before us.

In Philadelphia, to use, v. Scholl, 68 Pa. Superior Ct. 404, the highway involved was Sixty-third Street in Philadelphia, and this street had been originally paved with Telford, or Telford macadam. The affidavit of defense not only averred that such was the character of the original paving, but declared that the highway had brick gutters and cement curb-stones, the paving extending the entire width of the street, except between street-car tracks, where the paving was Belgian blocks; that such paving had been paid for by the property owners at the time it was laid; that the city had recognized this as being an original paving; that the city had charged plumbers $6 for permits to dig up this street, while on dirt streets a charge of only $1 was made for similar permits, and that the city kept the street in repair. The Superior Court held: "All of these averments, if true, would not be sufficient to convert the street as then constructed into a permanently improved street." Mr. Justice Kephart's opinion pointed out, inter alia, that the appellant's affidavit was defective, in that the acts by which the city was alleged to have ratified and adopted the paving as an original paving were not stated with sufficient definity, and that the averment that the city recognized the paving as original was a conclusion. The opinion concludes with these words: "The affidavit must state the acts by which the city evidenced its intention to adopt the paving as the original one. That the charge for permits to dig in this street differs from that made in other streets; that other improvements were in the street before the paving was laid; that property was assessed at full city rates, and that the surfacing remained undisturbed for twelve years, while some evidence, would not be sufficient to establish the municipal intention necessary in law to show either ratification or adoption."

It is not required that the purpose or intention of the municipality to adopt paving in the highway as a first paving should be proved by an ordinance of council. There may be municipal acts and circumstances equivalent to express adoption. This has been many times ruled upon, but, as was said by Mr.

City of Philadelphia, to use, v. Wells.

Justice Potter in Harrisburg v. Funk, 200 Pa. 348, "the entire absence of formal municipal action is strong presumptive evidence of lack of municipal intent to adopt a road as a paved street. Municipal adoption or acquiescence cannot be assumed. It must be proven."

It was further declared in the Funk case that keeping a street in ordinary repair "was a duty incumbent upon the municipal authorities, under any circumstances, and the discharge of that duty was entirely consistent with the absence of any purpose or intent to change an ordinary road into a city street." Also, "where, as here, the facts are undisputed, the question as to whether or not an original paving is shown, prior to that for which it is sought to recover, becomes a question wholly for the court."

In the affidavit before us there are no facts averred which, if proven, would be inconsistent with a purpose and intention on the part of the City of Philadelphia to continue to regard and maintain Durham Street as an ordinary suburban road paved with macadam, excepting only what is involved in these words appearing at the conclusion of paragraph six of the affidavit: "The former paving . . . was passed upon, approved and accepted with the intent that it might become a paved street for public use. . . ." It will be noticed that the defendant does not indicate by whom the paving was passed upon, approved and accepted with such an intent, but if he be given the benefit of a construction that attributes such action and intention to the City of Philadelphia, still it would be of no avail to defendant, because, as was held in Philadelphia v. Scholl, supra, the averment is a mere conclusion. To assume, as stated in paragraph four, that the macadam paving laid in 1908 by the property owners was passed upon, accepted and approved by the Bureau of Highways, furnishes no evidence of anything done by the municipality beyond the performance of its duty of supervision of the paving of all highways of whatever class within its boundaries.

Defendant's counsel conceded at the bar of the court that if the case were sent to a jury for trial he would have no evidence of a municipal purpose or intent other than what could be inferred from the facts and circumstances recited in his affidavit. Hence, there is no dispute of fact, and the question is properly one to be decided by the court as a matter of law. For the reasons indicated, we deemed the affidavit insufficient as a defense and entered judgment accordingly.