## City of Philadelphia, to use of Union Paving Co., v. Watts.

*Municipalities—Streets—Paving—Assessment—Lien on abutting properties—Affidavit of defense—Sufficiency—Averment of original paving—Ordinance—Construction.*

1. In a *scire facias* on a municipal lien for paving, an affidavit which sets up as a defense that the paving was not an original one is insufficient, where it avers that the street was used as a public highway with a double line of car tracks on it, but there is no averment of how, or of what materials, the alleged original paving was made, or of any facts to indicate an acceptance of such work as original paving by the city, or any other facts to show that improvements made under an earlier ordinance were intended as an original paving.

2. An ordinance which provides for resurfacing, so as to improve certain streets "as country roads" and that property owners shall not be relieved "from the cost of paving" said streets "as may be directed to be paved by ordinance," shows an intent that the resurfacing shall not be considered as a first pavement.

*Scire facias sur* municipal lien.   C. P. No. 1, Phila. Co., June T., 1926, No. 1331, M. L. D.

*H. J. Horan,* for plaintiff; *C. L. Smyth,* for defendant.

KUN, J., July 9, 1928.—The Council of the City of Philadelphia, by Ordinance approved March 19, 1925, directed the Director of Public Works to make a contract for the paving of Wyoming Avenue from Fifth Street to the Boulevard, and from Rising Sun Avenue to Oxford Branch of Pennsylvania Railroad, with refined asphalt and vitrified block gutters, and the ordinance provided, further, that the contractor "shall collect the cost of the paving from the owners of properties respectively fronting on said streets."

In accordance with the provisions of this ordinance, the City of Philadelphia entered into a contract, after due advertising and competitive bids, with the Union Paving Company, and the Union Paving Company paved Wyoming Avenue between the points indicated and received, as part payment for their work, assessment bills against the properties fronting on the said street.

Among the bills turned over to the Union Paving Company was a bill for paving in front of the property located on the south side of Wyoming Avenue, 403 feet east of Front Street, the amount of the bill being $214. This bill was duly served upon the registered owner of the property, and, not being paid, a lien was filed and a *sci. fa.* was issued, to which the defendant filed the affidavit of defense which is now before the court.

The defendant has set up a single defense, to wit, that the paving for which the Union Paving Company is now attempting to collect was not original paving, and, therefore, the property owner is not liable.

To sustain the contention that it was not original paving, the defendant has averred very little in his affidavit of defense. He has stated in paragraph 2 that the claim is not "original paving." This, of course, is a mere conclusion of law.

In the third paragraph of the affidavit of defense he avers "that the cartway of East Wyoming Avenue was originally paved under the authority of councils by an Ordinance of June 28, 1894, a copy of which is hereto attached, and the actual work of paving said cartway was done under the direction of the duly constituted officers and agents of the City of Philadelphia, namely, the Department of Public Works. The said paving done under the provisions of said ordinance was an original paving laid and completed in compliance with said ordinance." This is another conclusion of law.

There is nothing in the affidavit of defense to show of what material the paving of 1894 consisted, how it was laid, or anything to indicate the acceptance by the City of Philadelphia of the paving so done as an "original paving."

The fourth paragraph of defendant's affidavit of defense sets forth the opening of Wyoming Avenue for public use, and the fifth paragraph avers that the highway has been in continuous use as a public highway, with trolley tracks thereon, from 1894 until the date on which the work was done under the Ordinance of 1926. The mere facts that Wyoming Avenue was used as a public highway and that there were trolley tracks upon it, do not establish the conclusion of the defendant that the paving that was laid upon the street in 1894 was an "original paving."

There is nothing averred in the defendant's affidavit of defense from which it may be inferred that there was any intention on the part of the City to accept the paving laid in 1894 as the permanent paving of Wyoming Avenue. The Court of Common Pleas No. 3, March Term, 1926, No. 1877, M. L. D., in the case of City of Philadelphia, to the use of Union Paving Company, v. Mollie Zubrick, which does not seem to have been reported, had an affidavit of defense before it filed by the property owner, defendant therein, setting forth in great detail various conditions as the grounds which it was asserted constituted an acceptance by the City of the paving in 1894 of the same street, Wyoming Avenue, involved in the instant case.

Judgment was entered for an insufficient affidavit of defense. Judge Davis wrote a full opinion for the court, from which no appeal was taken, and the liens were paid. The authorities cited, Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Philadelphia v. Eddleman, 169 Pa. 452; Philadelphia v. Clark, 269 Pa. 513; Philadelphia, to use, v. Burk, 288 Pa. 383, fully supported the action of the court.

In the Hafer case, the court said: "A first pavement, therefore, in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently by the municipal authority for the purpose and with the intent of changing an ordinary road into a street. It may be macadam or anything else. That is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present or to be fairly inferred, then there is a paving, whatever the material may be."

In the Burk case, the court said: "The City had kept it (Adams Avenue) in good condition and repair, maintained service thereon, and required permits from those desiring to make surface openings. The avenue was similar to other improved streets in the neighborhood. . . . Nor does the fact that repairs were made to the old highway, curbing directed, street railways operated, or the furnishing thereon of facilities such as gas, water or light, sufficiently indicate that the early pavement was adopted by the City as an original paving. . . . If the surfacing first put in place comes within the control of the municipality, the abutting owner is not relieved as a result, unless it appears that the construction was adopted or acquiesced in subsequently with the intent and purpose of changing the old road into a street. It is not sufficient that there be a recognition of it by mere user as a public highway by the municipality: Philadelphia *v.* Hafer, *supra*. . . . It was stipulated that the avenue was 'paved with macadam,' and from this it is insisted that there was admittedly a prior and 'original paving.' *Prima facie*, a road in the City of Philadelphia so surfaced is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner from liability for the building of a highway adapted to the needs of the community when the work is undertaken: Philadelphia *v.* Eddleman, 169 Pa. 452. Municipal adoption and acquiescence cannot be assumed. If there were other facts indicating the condition to be as now urged by the appellant, they should have been set forth, for the burden is upon the property owner to present all matters necessary to show he is entitled to an exemption, and we must assume all relevant facts were stated. The averments which we find here are not sufficient to overcome the presumptions against the existence of a former city paving. . . ."

The averment in the fifth paragraph of the affidavit of defense that "the highway had been in continuous use as a public highway, with a double line of passenger railway tracks thereon, upon which said passenger railway had been continuously operated," etc., does not involve the adoption of the road by the City as a paved street: Philadelphia *v.* Hafer, *supra*.

It was stated by the court at the argument on the original affidavit of defense that it was insufficient to prevent judgment. Leave was given defendant to file a supplemental affidavit of defense, in which the defendant seems to have abandoned the contention made as to the original paving of Wyoming Avenue in 1894, as set forth in the original affidavit of defense, and alleging that the work was done under the authority of an Ordinance of Dec. 28, 1895. It is alleged that, pursuant to said ordinance, a contract was made with one Shanley to furnish and spread and roll broken stone on the cartway; that the work was done, completed and paid for in 1896; that a contract for grading said highway was made, and it was opened and continued in public use for a period of about thirty years prior to the paving in 1926, made under the Ordinance of March 19, 1925, as above referred to.

City of Philadelphia, to use of Union Paving Co., *v.* Watts.

The Ordinance of Dec. 28, 1895, however, under which it is alleged the "original paving" was done, contains an allotment, *inter alia*, "for surfacing and resurfacing so as to improve them as country roads, $80,000, to be expended as follows: For resurfacing . . . Wyoming Avenue, from Pike to Fishers Lane, $5000 (Five Thousand Dollars)," and the further provision, "Provided, That the property owners shall not be released from the cost of paving the above streets as may be directed to be paved by ordinance."

As stated in the case of Philadelphia, to use, *v.* Edmonds, 64 Pa. Superior Ct. 472: "If the work was done and paid for under the ordinance just cited (referring to an identical provision in an ordinance under consideration in that case), the intent of the City that such improvement was not to be considered a first pavement within the meaning of the law is clear."

The rule for judgment for want of a sufficient affidavit of defense is made absolute.

NOTE.—In City of Philadelphia, to use of Union Paving Co., *v.* Zubrick, C. P. No. 3, March Term, 1926, No. 1877 (M. L. D.), the essential parts of the opinion of Judge Davis, above referred to, are as follows:

"The plaintiff filed a claim against defendant's premises, No. 408 East Wyoming Avenue, Philadelphia, for defendant's share of the cost of certain paving of vitrified brick and granite block along Wyoming Avenue in front of defendant's premises. The paving was authorized by Ordinance of Council approved March 19, 1925. The defendant denies that the said property is liable to assessment for the paving under the said ordinance, averring that Wyoming Avenue has been a public highway, in constant and continuous use, for over sixty years; that Wyoming Avenue was paved with a permanent paving known as macadam paving; that the said avenue was opened by Ordinance of Councils approved April 9, 1892, and the City adopted the then-existing macadam paving as a proper street paving; that, in 1894, the City of Philadelphia changed the grade of Wyoming Avenue, and in 1896 replaced the macadam surface of the highway; that the City, in enforcing the regulations for the installation of sewers, gas lines, electric lines, water-supply pipes and other municipal improvements, required that the macadam surface be relaid wherever broken for the purpose of making such house connections.

"The defendant contends that by reason thereof the City of Philadelphia has adopted the macadam surface as a first paving of Wyoming Avenue. The macadam surface of the said avenue, prior to its opening in 1892 and prior to the Ordinance of March 19, 1925, authorizing the paving with refined asphalt, vitrified brick gutters and granite block in the street railway track area, was laid and maintained by the Wyoming Improvement Association; that, for the reasons above set forth, the paving for which the Union Paving Company is now attempting to collect was not an original paving; that, therefore, no claim can be made against the property for the cost thereof; that, by reason of the contract between the City of Philadelphia and the Frankford & Southwark Philadelphia City Passenger Railroad Company, under Ordinances of Councils approved June 28, 1894, and Nov. 27, 1899, and the Ordinance approved July 1, 1907, which contains an agreement between the City of Philadelphia and the Philadelphia Rapid Transit Company, relieving the transit company of paving, the City is liable for such paving and the defendant is not.

"The first question raised in the affidavit of defense, that the macadam surface of Wyoming Avenue laid and maintained by the Wyoming Improvement Association was a first paving, in view of the fact that the City exercised control and supervision over the installation of municipal improvements so as to amount to an adoption and acquiescence on the part of the City of such paving as a first paving, is negatived by the passage of the Ordinance of March 19, 1925, requiring a specific character of paving other than macadam. The controlling fact is the intention on the part of the City to adopt the macadam or any other character of paving as a paving. There is nothing in the Ordinance of March 19, 1925, nor in the Ordinance of April 9, 1892, providing for the opening of Wyoming Avenue, nor in the Ordinances of June 28, 1894, and Nov. 27, 1899, relating to the operation of passenger railways on city streets, nor the Ordinance of July 1, 1907, relieving the railway company of the cost of paving, which indicates that the City had acquiesced in and adopted the macadam road then existing on Wyoming Avenue as a paving: City of Philadelphia *v.* Clark, 269 Pa. 513. . . ."

Judge Davis then referred to Philadelphia, to use, *v.* Burk, 288 Pa. 383; Philadelphia *v.* Hafer, 38 Pa. Superior Ct. 382, and, after quoting freely from the opinions, continued as follows:

"In the instant case, the City of Philadelphia exercised no supervision over the original paving of Wyoming Avenue, nor in the maintenance thereof, except so far as related to the breaking of the surface for the making of house connections. That, of course, was in the interest of public safety.

"Considering all of the averments in the defendant's affidavit of defense in the light most favorable to the defendant, we are of opinion that the affidavit of defense is not sufficient to defeat the plaintiff's claim. There is no question of fact to submit to a jury, under the admissions in the affidavit setting forth the ordinances of council.

"Under the decisions referred to (Philadelphia *v.* Burk, *supra,* and Philadelphia *v.* Hafer, *supra*), the plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute."